J-S12037-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
                                                      :           PENNSYLVANIA
                                                      :
                        v.                          :
                                                      :
                                                      :
JONATHAN PENA                           :
                                                      :
                  Appellant               :   No. 308 EDA 2019

Appeal from the PCRA Order Entered January 11, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-1207661-2003

BEFORE:   SHOGAN, J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                     **FILED APRIL 28, 2020**

Appellant, Jonathan Pena, appeals from the order denying his second
petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

On March 2, 2005, Appellant was convicted following a non-jury trial of
murder of the first degree and related firearm offenses related to the
November 4, 2003 shooting death of Jermall Ward ("victim").[2]  Evidence at
trial showed that Appellant and the victim had quarreled over a game of pool
inside Champ's Bar in Philadelphia and then exited the bar together to engage
in a fist fight.  An eyewitness testified that he saw Appellant shoot the victim
several times in the back outside the bar as the victim was taking off his shirt
to prepare to fight Appellant.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. §§ 2502(a), 6106, 6108, 907.

Appellant was sentenced on August 8, 2005 to a term of life imprisonment without the possibility of parole and two concurrent sentences of 36 to 72 months of incarceration on the firearms offenses. Appellant appealed from the judgment of sentence, but his appeal was quashed by this Court on December 3, 2007 as untimely. *Commonwealth v. Pena*, No. 3508 EDA 2005 (Pa. Super. filed August 3, 2007) (unpublished memorandum). Appellant thereafter filed a PCRA petition in which he, *inter alia*, asserted that his trial counsel was ineffective for failing to pursue his direct appeal. On September 26, 2008, the PCRA court reinstated Appellant's direct appeal rights *nunc pro tunc*.

Appellant then filed a notice of his appeal, and this Court affirmed Appellant's conviction. *Commonwealth v. Pena*, No. 3030 EDA 2008 (Pa. Super. filed June 14, 2010) (unpublished memorandum). Our Supreme Court denied Appellant's petition for allowance of appeal. *Commonwealth v. Pena*, 13 A.3d 477 (Pa. 2010) (table). Appellant did not petition for the United States Supreme Court's review, and, therefore, his judgment of sentence became final on March 7, 2011. *See Commonwealth v. Reed*, 107 A.3d 137, 141 (Pa. Super. 2014) (judgment of sentence becomes final 90 days after our Supreme Court's denial of petition for allowance of appeal if defendant does not file a petition for writ of *certiorari* with the United States Supreme Court).

On February 11, 2011, Appellant filed what was in effect his first PCRA petition. On December 6, 2013, the PCRA court dismissed Appellant's first

- 2 -

PCRA petition. Appellant appealed, this Court affirmed the dismissal, and our Supreme Court denied Appellant's petition for allowance of appeal. *Commonwealth v. Pena*, No. 3600 EDA 2013 (Pa. Super. filed March 4, 2015) (unpublished memorandum), *appeal denied*, 118 A.3d 1108 (Pa. 2015) (table).

Appellant filed the instant second PCRA petition on May 16, 2018. In the petition, Appellant asserts that he discovered on March 19, 2018 that his uncle, Guillermo Echevarria, was present at Champs Bar on November 4, 2003. PCRA Petition, 5/16/18, ¶23. According to Mr. Echevarria's unsworn declaration attached to the petition, he was in the back of the bar playing shuffleboard when he heard several shots; he then saw Appellant and two other individuals run to the back of the bar and take cover with the rest of the patrons. *Id.*, Attachment A. Mr. Echevarria stated that he did not see Appellant in the possession of a gun. *Id.* The Commonwealth filed a motion to dismiss the petition. On December 7, 2018, the PCRA court issued a notice of its intention to dismiss the petition without a hearing on the basis that the petition was untimely under Section 9545(b) of the PCRA. The PCRA court dismissed Appellant's petition on January 11, 2019. Appellant then filed a timely notice of appeal.[3]

Appellant presents the following issue on appeal: "Did the PCRA Court err by dismissing [Appellant's] petition without a hearing where he adequately

---

[3] The PCRA court did not order Appellant to file a concise statement of matters complained of on appeal. The court entered an opinion on March 19, 2019.

- 3 -

pleaded the newly discovered evidence exception to the time bar?" Appellant's Brief at 2. We review the denial of a PCRA petition to determine whether the record supports the PCRA court's findings and whether its decision is free of legal error. ***Commonwealth v. Brown***, 196 A.3d 130, 150 (Pa. 2018). The PCRA court's credibility determinations are binding when supported by the record, but we apply a *de novo* standard of review to the court's legal conclusions. ***Id.***

The PCRA provides that "[a]ny petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1). A PCRA petition may be filed beyond this one-year period only if the petitioner alleges and proves one of the following three exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

***Id.*** Any petition attempting to invoke these exceptions "shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S. §

9545(b)(2).[4] "The PCRA's time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the underlying merits of a claim." *Commonwealth v. Greco*, 203 A.3d 1120, 1124 (Pa. Super. 2019).

Acknowledging that his second PCRA petition was not filed within one year of the date his conviction became final, Appellant nevertheless contends that the PCRA court had jurisdiction to consider his petition pursuant to the newly discovered fact exception of Section 9545(b)(1)(ii), based upon the Appellant's alleged March 19, 2018 discovery of his uncle's recollection of the events on November 4, 2003. The newly discovered fact exception "has two components, which must be alleged and proved. Namely, the petitioner must establish that: [(1)] the facts upon which the claim was predicated were unknown and (2) could not have been ascertained by the exercise of due diligence." *Commonwealth v. Cox*, 204 A.3d 371, 391 (Pa. 2019) (citation, quotation marks, and emphasis omitted).

The due diligence component requires that the petitioner "take reasonable steps to protect his own interests." *Commonwealth v.*

_____

[4] In Act 146 of 2018, the General Assembly changed the timeframe for asserting a timeliness exception under Section 9545(b)(2) from 60 days to one year, effective December 24, 2018. Act of October 24, 2018, P.L. 894, No. 146, § 2. The legislature provided that this amendment "shall apply only to claims arising one year before the effective date of this section or thereafter." *Id.*, § 3. Appellant asserts that he first discovered on March 19, 2018 that Mr. Echevarria was present at Champ's Bar on the day the victim was murdered. PCRA Petition, 5/16/18, ¶¶23-24. Because Appellant claims that he became aware of the newly discovered fact after the effective date of the amendment to Section 9545(b)(2), the one-year period for asserting a timeliness exception under that subsection is applicable.

*Brensinger*, 218 A.3d 440, 448 (Pa. Super. 2019) (*en banc*) (citation omitted). The "due diligence inquiry is fact-sensitive and dependent upon the circumstances presented." *Id.* at 449 (citation omitted). Due diligence "does not require perfect vigilance nor punctilious care," but instead "reasonable efforts by a petitioner . . . to uncover facts that may support a claim for collateral relief." *Id.* (citation and quotation marks omitted). The petitioner must explain in the PCRA petition "why he could not have obtained the new fact(s) earlier with the exercise of due diligence." *Id.* (citation omitted). The requirement that the petitioner act with due diligence in ascertaining the newly discovered fact "is strictly enforced." *Commonwealth v. Shaw*, 217 A.3d 265, 270 (Pa. Super. 2019).

In its opinion, the PCRA court concluded that Appellant had not satisfied the timeliness exception because he had

> failed to establish why he could not have ascertained that his uncle had been present at the time of the incident and made his observations through the exercise of due diligence. Appellant's petition merely baldly asserts this information as after discovered evidence, and demands that he is entitled to a hearing which is insufficient to overcome the PCRA timeliness requirement.

PCRA Court Opinion, 3/19/19, at 4-5. We agree with the PCRA court's analysis. Appellant's PCRA petition contains no explanation as to why, exercising due diligence, he did not discover that his uncle was present at Champs Bar when the shooting took place until more than 13 years had elapsed from the date of Appellant's conviction. Appellant therefore did not satisfy the newly discovered facts timeliness exception and the PCRA court

lacked jurisdiction to consider Appellant's petition. ***See Cox***, 204 A.3d at 392 (petitioner did not satisfy newly discovered fact timeliness exception where he did not explain how he was prevented from discovering the alleged fact earlier with due diligence); ***see also Commonwealth v. Sanchez***, 204 A.3d 524, 527 (Pa. Super. 2019) (same).[5]

Order affirmed.

---

[5] Moreover, even if Appellant had satisfied the timeliness exception, he would not have been entitled to relief. To prevail on a PCRA claim based upon after-discovered evidence, the petitioner must show, by a preponderance of the evidence, that the evidence (1) has been discovered after the trial and could not have been obtained earlier by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely for impeachment purposes; and (4) would likely result in a different verdict if a new trial were granted. ***See Commonwealth v. Williams***, 215 A.3d 1019, 1024 (Pa. Super. 2019). Here, Mr. Echevarria did not claim to have witnessed the shooting of the victim on November 4, 2003 or to have personal knowledge that someone else other than Appellant perpetrated the killing. Rather, Mr. Echevarria admits that his back was towards the door when the incident occurred and offers no account of Appellant's or the victim's actions up through the time of the shooting. Indeed, the only potential aspect of Mr. Echevarria's account that casts a different light on the evidence at trial is that Appellant ran to the back of the bar after the shooting without visibly being in the possession of a firearm, rather than fleeing from the scene as other witnesses reported. PCRA Petition, 5/16/18, Attachment A. Appellant fails to explain in his PCRA petition how this evidence is of such a nature that it would compel a different verdict if a new trial were granted. ***Williams***, 215 A.3d at 1024.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/28/2020