J-S55018-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                             :           PENNSYLVANIA
                                                             :
                v.                                        :
                                                             :
                                                             :
BRIAN K. HOFFMAN                                :
                                                             :
                     Appellant                   :     No. 195 WDA 2020

Appeal from the PCRA Order Entered March 21, 2017
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0009774-1985

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                             :           PENNSYLVANIA
                                                             :
                v.                                        :
                                                             :
                                                             :
BRIAN HOFFMAN                                   :
                                                             :
                     Appellant                   :     No. 196 WDA 2020

Appeal from the PCRA Order Entered March 21, 2017
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0009211-1985

BEFORE:   BOWES, J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY McCAFFERY, J.:        **FILED: APRIL 21, 2021**

---

[*] Retired Senior Judge assigned to the Superior Court.

In these consolidated appeals,[1] Appellant, Brian K. Hoffman,[2] appeals the order entered in the Allegheny County Court of Common Pleas, at two related dockets, denying his second petition filed pursuant to the Post Conviction Relief Act (PCRA).[3] Appellant seeks relief from his jury conviction of first degree murder, criminal conspiracy, robbery,[4] and related offenses for the 1985 stabbing death of Walter Zange. On appeal, he insists he is entitled to relitigate his second PCRA petition because, due to prior counsel's ineffective assistance, the PCRA court retired before authoring an opinion explaining the bases for its denial of relief. Thus, Appellant contends this Court is unable to conduct meaningful review of his claims on appeal. For the reasons below, we affirm.

Our review begins in August of 1985:

Appellant and a friend, Bruce [Stephens (Co-defendant)[5]], were attending a beer party one evening. [Co-defendant] left the party and later returned with the victim, an older male. The victim asked if anyone wanted to go out on his boat. Appellant and [Co-defendant] agreed, and they stopped at the victim's house on the

_____

[1] On February 13, 2020, this Court consolidated these appeals *sua sponte*. Order, 2/13/20.

[2] Appellant's middle initial, K., appears in one caption, but not the other.

[3] 42 Pa.C.S. §§ 9541-9546.

[4] 18 Pa.C.S. §§ 2502(a), 903(a)(1), and 3701(a)(1)(i), respectively.

[5] Co-defendant's last name was spelled "Stevens" in various filings. However, at the PCRA hearing, he acknowledged the proper spelling of his last name is "Stephens." **See** N.T., PCRA H'rg, 3/16/17, at 5.

way to get money for food. When they arrived at the victim's home, the victim fell out of the truck, appearing too drunk to stand up. When [A]ppellant and [Co-defendant] saw the victim's wife on the porch, they picked up the victim, threw him into the truck, and drove away.

At 2:00 a.m. the following morning, the police received a report of a suspicious vehicle on an abandoned road. When they arrived, the officers noticed a red pick up truck, occupied by two males, leaving the abandoned road. As the officers approached, the truck stopped and the driver jumped into the backseat. When one of the officers approached the truck to determine if it had been stolen, he noticed blood spattered on the steering column, the interior of the vehicle, and on the two men inside. In the backseat he noticed a knife covered with blood and discovered blood soaked credit cards with the victim's name on them. Appellant and [Co-defendant] were then arrested[.]

Later that morning, [A]ppellant gave a statement to police. In this statement, [A]ppellant described how he, [Co-defendant], and the victim had decided to go swimming at a local swimming hole. While they were driving there, [A]ppellant had to stop to relieve himself. He heard [Co-defendant] and the victim argue and saw [Co-defendant] stab the victim who ran off into the woods. He then directed the officers to the victim's body.

***Commonwealth v. Hoffman***, 140 PGH 1989 (unpub. memo. at 1-2) (Pa. Super. Feb. 11, 1991).

The procedural history of the present case is long and comprehensive. After their arrest, Appellant and Co-defendant were charged separately. Co-defendant pled guilty to third degree murder[6] and related offenses, and was sentenced to an aggregate term of 10 to 20 years' incarceration. ***See*** N.T., PCRA H'rg, at 6. As noted ***supra***, Appellant was charged at two separate

_____

[6] 18 Pa.C.S. § 2502(c).

dockets.[7] His cases proceeded to a jury trial, and the Commonwealth sought imposition of the death penalty for the homicide charge. On September 8, 1988, the jury found him guilty of first degree murder and the remaining offenses. The court immediately proceeded to the penalty phase where the jury returned a verdict of life imprisonment. On December 28, 1988, the trial court imposed Appellant's life sentence for first degree murder and a concurrent term of 10 to 20 years' incarceration for his remaining offenses.

Appellant's judgment of sentence was affirmed by this Court in 1991, that decision was affirmed by the Pennsylvania Supreme Court in 1994, and the United States Supreme Court denied Appellant's petition for a *writ of certiorari* on November 28, 1994. **See Hoffman**, 140 PGH 1989, *aff'd*, 640 A.2d 414 (Pa. Apr. 25, 1994), *cert. denied*, 513 U.S. 1026 (Nov. 28, 1994).

Almost two years later, on November 14, 1996, Petitioner filed his first PCRA petition *pro se*.[8] Counsel was appointed and filed an amended petition;

---

[7] At trial docket CP-02-CR-0009211-1985 (Docket 9211), Appellant was charged with one count of criminal homicide. At trial docket CP-02-CR-0009774-1985 (Docket 9774), Appellant was charged with criminal conspiracy, robbery, theft, unauthorized use of a vehicle, and possessing an instrument of crime. **See** 18 Pa.C.S. 3921(a), 3928, 907(a).

[8] Appellant's first petition fell within the statutory grace period afforded by the 1995 amendments to the PCRA. An appellant whose judgment of sentence became final on or before the effective date of the 1995 PCRA amendments — January 16, 1996 — was "deemed to have filed a timely petition if the appellant's **first** petition [was] filed within one year of" that effective date, or no later than January 16, 1997. **See Commonwealth v. Crider**, 735 A.2d

- 4 -

however, the PCRA court dismissed the petition without a hearing on December 15, 1997. This Court affirmed the ruling on appeal. **See Commonwealth v. Hoffman**, 127 PGH 1998 (unpub. memo.) (Pa. Super. Aug. 30, 1999).

Co-defendant's parole expired in September of 2015.[9] N.T., PCRA H'rg, at 20. Sometime thereafter, Private Investigator Barry Fox (Investigator Fox), who was hired to investigate the case by Appellant's then counsel, Sally Frick, Esq. (Attorney Frick), tracked down Co-defendant at his mobile home in Johnstown, Pennsylvania. **Id.** at 27. During their first interview, Co-defendant made statements Investigator Fox thought "resonated" and were "quite relevant." **Id.** at 29, 30. Co-defendant detailed the night of the incident and discussed "his placement in the vehicle, the placement of the victim, and . . . the fact there was a knife that was on the dashboard" in front of him. **Id.** Critically, Co-defendant "brought up the fact that it could have been him that grabbed the knife and stabbed the victim[.]" **Id.** Investigator Fox returned to Co-defendant's home and conducted a second interview, which was video-

_____

730, 732 (Pa. Super. 1999) (citation omitted). Thus, Appellant's first petition was timely filed.

[9] Co-defendant testified he was released from parole "18 months" before the March 16, 2017, PCRA hearing. N.T., PCRA H'rg, at 20.

recorded on March 8, 2016.[10]  Although Co-defendant testified the first interview occurred in "the summer of 2015[,]" Investigator Fox testified the first interview was conducted only "a couple weeks before" the March 8, 2016, recording, on a day that "was kind of cold."  *Id.* at 24-25, 28, 32-33.

Fifty-nine days after the videotaped interview, on May 16, 2016, Appellant filed a second PCRA petition alleging after-discovered-evidence (ADE petition).  Appellant claimed Co-defendant's statements constituted "newly discovered exculpatory evidence 'that has subsequently become available and would have changed the outcome of his trial if it had been introduced.'"  Appellant's Petition for Post-Conviction Collateral Relief, 5/16/16, at 3, *citing* 42 Pa.C.S. § 9543(a)(2)(vi).  On June 29, 2016, the Commonwealth filed an answer, asserting Appellant failed to present his claim within the 60-day time limitation of the Act,[11] and that Co-defendant had made similar statements in a September 23, 1985, police interview.  *See* Commonwealth's Answer to Post Conviction Relief Act Petition, 6/29/16, at 20-23.  The PCRA court conducted an evidentiary hearing on March 16, 2017, at which time both Co-defendant and Investigator Fox testified on behalf of

---

[10] Appellant concedes the videotaped interview occurred on March 8, 2016. *See* Appellant's Response to the Court's Notice of Intention to Dismiss PCRA Without a Hearing, 11/1/16, at 2 (Co-defendant "was interviewed preliminarily by investigators prior to March 8, 2016, but it was not until March 8, 2016[,] that [Co-Defendant] made a videotaped statement[.]").

[11] 42 Pa.C.S. § 9545(b)(2).

Appellant. On March 21, 2017, the PCRA court entered an order denying Appellant's ADE petition. Order, 3/21/17.

Rather than file a notice of appeal from that order, Appellant, through Attorney Frick, filed a document titled "Petition for Reconsideration of Petition for Post-Conviction Collateral Relief with Amendment" on April 19, 2017. In the petition, Appellant claimed he was "previously unaware" of Co-defendant's 1985 statement, and that trial counsel's failure to "pursue the statement[,]" or call Co-defendant as a witness at trial, amounted to ineffective assistance. Appellant's Petition for Reconsideration of Petition for Post-Conviction Collateral Relief with Amendment, 4/19/17, at 4.

On April 25, 2017, the PCRA court denied Appellant's petition for reconsideration. Order, 4/25/17.[12] On May 25, 2017, Appellant filed a notice of appeal from the April 25th order. In its opinion, the PCRA court concluded Appellant's notice of appeal was untimely filed. Trial Ct. Op., 10/17/17, at 4. The court emphasized that although "counsel has classified the appeal as being from [the c]ourt's Order denying reconsideration . . . the appeal is properly taken from [the March 21, 2017,] final order denying relief[.]" *Id.* (footnote omitted). The PCRA court explained that Appellant's petition for reconsideration did not toll the appeal period, and that a simultaneous notice of appeal should have been filed with the petition for reconsideration to

---

[12] We note the order was not docketed until April 27, 2017.

properly preserve Appellant's appeal rights. *Id.* at 3-4, *citing* **Commonwealth v. Moir**, 766 A.2d 518 (Pa. Super. 2009). Because the order denying PCRA relief was entered on March 21, 2017, Appellant's notice of appeal was due April 20, 2017. Thus, the PCRA court found Appellant's notice of appeal, filed May 25, 2017, was untimely. *Id.* at 4.

Thereafter, Attorney Frick failed to file an appellate brief before this Court. On March 8, 2018, we remanded the case to the PCRA court for a determination of whether Attorney Frick had abandoned the appeal. **See** Order, 3/8/18. The PCRA court determined Attorney Frick had indeed abandoned the case, and later appointed Adam Bishop, Esq. (Attorney Bishop) as PCRA counsel. **See** Trial Ct. Memorandum, 4/30/18, at 1; Order, 8/3/18. However, on May 13, 2019, this Court quashed Appellant's appeal as untimely filed. **See Commonwealth v. Hoffman**, 766 WDA 2017 (unpub. memo. at 6) (Pa. Super. May 13, 2019).

On August 26, 2019, Appellant, through Attorney Bishop, filed his third PCRA petition. Due to the retirement of Appellant's trial and PCRA judge, the Honorable Donna Jo McDaniel, his petition was reassigned to the Honorable Judge Jill E. Rangos. In his third petition, Appellant argued Attorney Frick was ineffective *per se* for failing to perfect his appeal from the March 21, 2017, order denying his ADE petition, and requested reinstatement of his right to appeal that order *nunc pro tunc*. Appellant's Petition for Relief Pursuant to the Post-Conviction Relief Act, 8/26/19, at 13-18, 19. The Commonwealth

filed an answer, agreeing that Appellant's appeal rights should be reinstated. *See* Commonwealth's Answer to Post Conviction Relief Act Petition, 8/28/19, at 15. That same day, the PCRA court granted Appellant's third PCRA petition and reinstated his post-sentence and appellate rights.[13] Order, 8/28/19. However, Attorney Bishop subsequently filed two untimely notices of appeal on October 1, 2019, followed by *praecipes* to discontinue the appeals on October 22nd. *See Commonwealth v. Hoffman*, 1479 & 1480 WDA 2019 (Pa. Super. Oct. 25, 2019).

On November 1, 2019, Appellant filed his fourth PCRA petition *pro se*. He argued Attorney Bishop's failure to file timely notices of appeal after his appellate rights were reinstated *nunc pro tunc* constituted ineffective assistance of appellate counsel. Appellant's *Pro Se* Petition for Post-Conviction Collateral Relief, Motion to Proceed *In Forma Pauperis*, and Motion for the Appointment of Post-Conviction Counsel, 11/1/19, at 3. Appellant's current counsel, Corrie Woods, Esq. (Attorney Woods), entered their appearance on November 20th.

Appellant, through Attorney Woods, filed an amended PCRA petition on December 17, 2019, asserting Attorney Bishop was ineffective *per se* for failing to file timely *nunc pro tunc* appeals. *See* Appellant's Amended Petition

---

[13] It is unclear why the PCRA court reinstated Appellant's "Post-Sentence" rights *nunc pro tunc* when the underlying appeal is from an order denying PCRA relief. *See* Order, 8/28/19.

for Relief Pursuant to the Post Conviction Relief Act, 12/17/19, at 7. He requested either reinstatement of his right to appeal the March 17, 2017, order denying his ADE petition or a hearing on the matter. *Id.* at 9. The Commonwealth filed an answer, again conceding Appellant's appeal rights should be reinstated. *See* Commonwealth's Answer to Post Conviction Relief Act Petition, 1/9/20, at 16. On January 10, 2020, the PCRA court granted Appellant's petition, and once again, reinstated his post-sentence and appellate rights with respect to the March 21, 2017, order denying his ADE petition. Order, 1/10/20. Appellant filed timely notices of appeal on February 7, 2020,[14] and complied with the PCRA court's directive to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On July 1, 2020, the PCRA court filed a Rule 1925 Statement in Lieu of an Opinion, indicating only that it was reassigned the case after the trial court's retirement, and it "did not hear the case and cannot adequately address the errors alleged on appeal." PCRA Ct. Op., 7/1/20.

Appellant presents the following two issues on appeal:

1. Does [Appellant's] prior counsel's conduct in failing to perfect an appeal from the order rejecting his [ADE petition] and causing unnecessary delays in this matter during which then-presiding Judge McDaniel retired, leaving now-presiding Judge Rangos without any means to explain the order and [Appellant] without any prospect of meaningful appellate merits review,

---

[14] Appellant has thus complied with Pa.R.A.P. 341(a) and ***Commonwealth v. Walker***, 185 A.3d 969, 976 (Pa. 2018), which require separate notices of appeal from a single order resolving issues spanning more than one docket.

constitute ineffective assistance of counsel *per se* and warrant reinstatement of his right to litigate his [ADE] petition *nunc pro tunc* before Judge Rangos?

2. In the alternative, should this matter be remanded to the PCRA court for the preparation of a Pa.R.A.P. 1295(a) opinion?

Appellant's Brief at 4.

Our review of an order dismissing a PCRA petition must occur:

in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court **and the evidence of record**. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted) (emphasis added).

In the present case, Appellant argues he has been "wholly deprive[d]" of his right to meaningful appellate review of the March 21, 2017, order denying his ADE petition. Appellant's Brief at 20, *citing **Commonwealth v. Parish***, 224 A.3d 682, 701 (Pa. 2020). He maintains that Attorney Frick's litigation of trivial collateral issues, her abandonment of representation, and the unnecessary delays caused by her litigation strategies constitute *per se* ineffective assistance of counsel. ***Id.*** at 20. Moreover, Appellant claims "Attorney Frick's errors" have left him "unable to obtain any **meaningful explanation** of the order rejecting his" ADE petition because Judge McDaniel

has since retired without authoring a Pa.R.A.P. 1925(a) opinion. ***Id.*** at 20-21 (emphasis added). Without "Judge McDaniel's credibility and weight-of-the-evidence determinations, findings of fact . . ." or clarification of whether the petition was dismissed as untimely or denied on the merits, Appellant claims he is "unable to obtain any meaningful appellate merits review[.]" ***Id.*** at 20. Assuming he has been "wholly deprive[d]" of meaningful appellate review, Appellant also asserts he is entitled to relitigate his ADE petition *nunc pro tunc*. ***Id.*** at 20, 23. Alternatively, Appellant requests we remand to the PCRA court to prepare an opinion consistent with Pa.R.A.P. 1925(a)(1). ***See id.*** at 26-27.

The Commonwealth, however, insists Appellant is not entitled to relief. It maintains the reasons supporting the PCRA court's March 21, 2017, order appear in the record. Commonwealth's Brief at 15-17. Specifically, the Commonwealth contends "the [PCRA] court found that [Appellant's] claim was time-barred, and . . . found [A]ppellant's newly discovered witness, [Co-defendant], not to be credible." ***Id.*** at 17, 21-22, *citing* N.T., PCRA H'rg, at 41-45. Furthermore, because the PCRA court found Co-defendant's testimony not credible, the Commonwealth argues that testimony would not have changed the outcome of Appellant's trial. ***Id.*** at 22-24. The Commonwealth also insists remand for the preparation of an opinion is unnecessary because "this Court can conduct meaningful review of [A]ppellant's PCRA claims based on the existing record." ***Id.*** at 24. It concludes by stating: "[The PCRA

court's] findings and conclusions are clear on the record, and the lack of an Opinion from Judge McDaniel after the PCRA evidentiary hearing does not hamper this Court's review." *Id.* We agree.

Although "the absence of a trial court opinion poses a substantial impediment to meaningful and effective appellate review,"[15] Rule 1925 does not require the issuance of an opinion in all cases. Instead, an opinion is only necessary where "the reasons for the order do not already appear of record[.]" *See* Pa.R.A.P. 1925(a)(1). Because, as we conclude *infra*, Appellant's petition was untimely filed — an issue we may address *sua sponte* — the lack of a substantive trial court opinion does not hamper our review.

It is well established:

> "[I]f a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." For that reason, to confirm proper jurisdiction, it is appropriate for an appellate court to consider *sua sponte* the timeliness of a PCRA petition from which *nunc pro tunc* appellate rights have been reinstated[.]

*Commonwealth v. Reid*, 235 A.3d 1124, 1143 (Pa. 2020) (citations and footnote omitted). "Our courts have strictly interpreted this requirement as creating a jurisdictional deadline[, and a] court may not address the merits of the issues raised if the PCRA petition was not timely filed." *Commonwealth*

---

[15] *Commonwealth v. Lord*, 719 A.2d 306, 308 (Pa. 1998).

***v. Whiteman***, 204 A.3d 448, 450 (Pa. Super. 2019) (citations omitted), *appeal denied*, 216 A.3d 1028 (Pa. 2019).

Relevant to our inquiry, a PCRA petition, including a second or subsequent petition, must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S. § 9545(b)(1). A judgment of sentence is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

However, where a petition is filed after the expiration of the one year filing period, a petitioner may only avail himself of the PCRA if they satisfy one of the PCRA timing exceptions. 42 Pa.C.S. 9545(b)(1). One such timing exception is for "newly discovered facts." 42 Pa.C.S. § 9545(b)(1)(ii). Where a petitioner pleads and proves "the facts upon which the [PCRA] claim is predicated were unknown to the petitioner[,] and could not have been ascertained by the exercise of due diligence[,]" the newly discovered facts timing exception permits the filing of a facially untimely petition. ***Id.*** Critically, at the time Appellant filed the petition at issue, any petition invoking a timing exception was required to be filed "within 60 days of the date the

claim could have been presented." 42 Pa.C.S. § 9545(b)(2).[16] Therefore, a petitioner fails to invoke the PCRA Court's jurisdiction when a petition invoking a timing exception is filed more than 60 days after the date the petition could have first been brought. **See Commonwealth v. Sanchez**, 204 A.3d 524, 526 (Pa. Super. 2019).

In the case *sub judice*, we conclude Appellant's ADE petition was untimely filed. **See Reid**, 235 A.3d at 1143. His judgment of sentence became final on November 28, 1994, when *certiorari* was denied by the United States Supreme Court. **See Hoffman**, 513 U.S. 1026; **see also** 42 Pa.C.S. § 9545(b)(3). Appellant filed his ADE petition on May 16, 2016, more than 22 years after his judgment of sentence became final. Accordingly, his ADE petition is facially untimely, and Appellant may only avail himself of the PCRA if he qualifies for one of the timing exceptions. **See** 42 Pa.C.S. 9545(b)(1).

Here, Appellant attempts to invoke the newly discovered facts exception. **See** 42 Pa.C.S. § 9545(b)(1)(ii). Because he filed his ADE petition on May 6, 2016, pursuant to Section 9545(b)(2), Appellant must plead and prove that he discovered the new "fact" addressed in that petition — Co-

---

[16] 42 Pa.C.S. § 9545(b)(2) was amended, effective December 24, 2018, to extend the time for filing a timeliness exception from 60 days of the date the claim could have been presented, to one year. However, the amendment applies only "to claims arising on Dec[ember] 24, 2017[,] or thereafter." **See** Act 2018, Oct. 24, P.L. 894, No. 146, § 3. Because the underlying petition herein was filed on May 16, 2016, Appellant does not benefit from the extended filing period.

defendant's admission that he could have been the one who murdered the victim — within 60-days of that filing, or not before March 7, 2016. **See id.** Upon our review of the record, we conclude Appellant has failed to do so.

Although the March 8, 2016, videotaped interviewed falls within the requisite 60-day period, Investigator Fox testified that he **first** interviewed Co-defendant "a couple weeks before," at which time Co-defendant detailed the night of the incident and discussed "his placement in the vehicle, the placement of the victim, and . . . the fact there was a knife that was on the dashboard" in front of him. N.T., PCRA H'rg, at 30, 32. Critically, Co-defendant "brought up the fact that it could have been him that grabbed the knife and stabbed the victim[.]" **Id.** Indeed, Investigator Fox testified that he returned to videotape Co-defendant's statement because the things Co-defendant said "resonated" with him. **Id.** at 29-30. Co-defendant also acknowledged that during the **first** interview, he told Investigator Fox "everything" he testified to during the PCRA hearing. **Id.** at 24. Thus, the newly discovered facts "upon which [Appellant's PCRA] claim is predicated were . . ." discovered **at least** "a couple weeks"[17] before the March 8, 2016, video recording of Co-defendant's second interview. **See** 42 Pa.C.S. §

---

[17] As noted **supra**, Co-defendant believed the first interview with Investigator Fox occurred even earlier, in "the summer of 2015." **See** N.T., PCRA H'rg, at 24.

9545(b)(1)(ii); *see also* N.T., PCRA H'rg, at 32. Appellant has therefore failed to prove he filed his ADE petition within 60 days of "the date the claim could have been presented." *See* 42 Pa.C.S. § 9545(b)(2). Consequently, "neither this Court nor the trial court has jurisdiction over the petition."[18] *See Reid*, 235 A.3d at 1143; *see also Sanchez*, 204 A.3d at 526. Accordingly, we affirm the order denying PCRA relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/21/2021

---

[18] Furthermore, the Commonwealth insists the facts upon which Appellant's claim is predicated were known in 1985, when Co-defendant told police "that he could have committed the murder." *See* Commonwealth's Brief at 21. Co-defendant maintains that, since then, he "said multiple times to every investigator that's ever talked to [him,]" that he could have been the one to stab the victim. N.T., PCRA H'rg, at 17, 19, 20, 22, 23, 25. For this reason, too, we could conclude Appellant failed to demonstrate the facts underlying his petition were "unknown to [him] and could not have been ascertained by the exercise of due diligence[.]" *See* 42 Pa.C.S. § 9545(b)(2)(ii).