J-S78015-18

2019 PA Super 45

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| VIRGILIO SANCHEZ A/K/A ROBERTO | : | |
| MOLINO | : | |
| | : | No. 416 EDA 2018 |
| Appellant | : | |

Appeal from the PCRA Order January 11, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-1208261-1996

BEFORE:   LAZARUS, J., McLAUGHLIN, J., and STEVENS*, P.J.E.

OPINION BY LAZARUS, J.:                    **FILED FEBRUARY 19, 2019**

Virgilio Sanchez, a/k/a Roberto Molino, appeals *pro se* from the trial court's order dismissing, as untimely, his fifth petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  After review, we affirm.

In 1997, Sanchez was convicted of first-degree murder[1] and possessing an instrument of crime (PIC),[2] after shooting and fatally wounding the victim, execution-style, in a Philadelphia bar.  Sanchez was sentenced to life imprisonment for murder, plus a consecutive term of 2½ to 5 years in prison for PIC.  He filed an unsuccessful direct appeal, ***Commonwealth v. Molino***, No. 4770 Phila. 1997, (Pa. Super. filed June 1, 1999) (unpublished

---

[1] 18 Pa.C.S. § 2502.

[2] 18 Pa.C.S. § 907.

---

\* Former Justice specially assigned to the Superior Court.

memorandum), and, on January 13, 2000, the Pennsylvania Supreme Court denied his petition for allowance of appeal. Sanchez filed five PCRA petitions in November 2006, November 2007, July 2010, March 2013, and the instant petition, on April 17, 2017. On December 1, 2017, the trial court issued Pa.R.Crim.P. 907 notice of its intent to dismiss Sanchez's meritless and untimely petition, without a hearing, within 20 days. The notice also advised Sanchez of his right to file a response within 20 days; he did not file a response. On January 11, 2018, the court dismissed Sanchez's fifth petition as untimely. Sanchez filed a timely notice of appeal and court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

On appeal, Sanchez raises one issue for our consideration: Did the court err in determining that [Sanchez] failed to invoke an exception to the timeliness requirements o[f] the PCRA[?] Appellant's Brief, at 4.

Generally, a petition for PCRA relief, including a second or subsequent petition, must be filed within one year of the date the judgment is final. **See** 42 Pa.C.S.A. § 9545(b)(3); **see also Commonwealth v. Alcorn**, 703 A.2d 1054 (Pa. Super. 1997). There are, however, exceptions to the time requirement; those exceptions are set forth at 42 Pa.C.S.A. §§ 9545(b)(1)(i),(ii), and (iii) and include interference by government officials in the presentation of the claim, after-discovered facts or evidence, and an after-recognized constitutional right. **See Commonwealth v. Gamboa-Taylor**, 753 A.2d 780, 783 (Pa. 2000). Where the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met, the petition

will be considered timely. A PCRA petition invoking one of these exceptions must "be filed within 60 days of the date the claims could have been presented." *Id.*; *see also* 42 Pa.C.S.A. § 9545(b)(2).[3] The timeliness requirements of the PCRA are jurisdictional in nature and, accordingly, a PCRA court cannot hear untimely petitions. *Commonwealth v. Robinson*, 837 A.2d 1157 (Pa. 2003).

In his petition, which he acknowledges is patently untimely[4] under the PCRA, Sanchez alleges that Philadelphia Detective George Pirrone may have done "shady work in [his] case" based on a Pennsylvania Law Weekly article that he read in the prison library. Specifically, Sanchez alleges a "newly-discovered fact" under section 9545(b)(1)(ii) of the PCRA, saves his untimely petition from the well-established filing deadline. The timeliness exception set forth in section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not

---

[3] Section 9545(b)(2) was amended on October 24, 2018, effective in 60 days (Dec. 24, 2018), extending the time for filing from sixty (60) days of the date the claim could have been presented, to one year. The amendment shall apply to claims arising on December 24, 2017, or thereafter. *See* Act 2018, Oct. 24, P.L. 894, No. 146, § 3. Since Sanchez's petition was filed on April 13, 2017, the 60-day time limit applies to this case.

[4] Sanchez filed the instant petition on April 17, 2017. Sanchez's judgment of sentence became final on April 12, 2000, when the time expired for him to file a petition for certiorari with the United States Supreme Court. *See* 42 Pa.C.S.A. § 9545 (b)(3); Sup. Ct. R. 13 (parties have 90 days to file petition for *certiorari* United States Supreme Court from denial of Pennsylvania Supreme Court's petition for allowance of appeal). Thus, he had until April 12, 2001 to file a timely PCRA petition. His current petition was filed more than sixteen years after that deadline.

know the facts upon which he based his petition and could not have learned of those facts earlier by the exercise of due diligence. Due diligence demands that the petitioner take reasonable steps to protect his own interests; a petitioner must explain why he could not have learned the new facts earlier with the exercise of due diligence. *Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa. Super. 2015).

The "newly-discovered fact" Sanchez alleges is that on April 21, 2016, a jury found Detective Pirrone liable for malicious prosecution and false arrest. *See Alleyne v. Pirrone*, 2017 Phila. Ct. Com. Pl. LEXIS 28 (filed Feb. 1, 2017).[5] Despite his claims that he successfully pled and proved a section 9545(b)(1)(ii) exception, Sanchez is misguided.

First, Sanchez does not explain how the facts regarding Pirrone's civil judgments could not have been ascertained sooner by the exercise of due diligence. 42 Pa.C.S.A. § 9545(b)(1)(ii). Second, Sanchez did not file his petition until April 17, 2017, almost one year after Pirrone was found liable. Thus, he does not meet the 60-day time requirement under section

---

[5] We note that on appeal, the Commonwealth Court reversed Detective Pirrone's civil judgments, concluding that: (1) malicious prosecution and false arrest judgments were infirm because improprieties by detective did not rise to the level of preventing any reasonable person from believing that defendant had committed a crime; and (2) evidence of false arrest immediately available on the scene provided officer with reasonable basis to suspect defendant committed crime and that detention was based upon probable cause. *See Alleyne v. Pirrone*, 180 A.3d 524 (Pa. Commw. 2018).

9545(b)(2), and the PCRA court did not have the power to address the substantive merits of Sanchez's PCRA claims. **Brown**, **supra**. Thus, the PCRA court properly dismissed Sanchez's petition as untimely.[6]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/19/19

---

[6] Moreover, even if Sanchez had proven due diligence and filed his petition within 60 days of the date of the Pirrone verdict, it ultimately would not have afforded him any relief. In **Commonwealth v. Foreman**, 55 A.3d 532 (Pa. Super. 2012), our Court found that "new evidence" regarding the filing of criminal charges against a detective in an unrelated matter does not meet the after-discovered evidence test where the evidence would be used solely to impeach the detective's credibility and would not likely result in a different verdict if a new trial were granted. While the newly-discovered-fact exception under section 9545(b)(1)(ii) is not the same as a substantive after-discovered-evidence claim under section 9543(a)(2)(vi), the former is a jurisdictional threshold to presenting the latter type of claim. Thus, even had the threshold been met, Sanchez would not have been able to prove the substantive claim that the evidence would have changed the outcome of his trial.