J-S27044-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAARON ANTHONY SHEARS | : | |
| | : | |
| Appellant | : | No. 984 WDA 2020 |

Appeal from the PCRA Order Entered August 6, 2020
In the Court of Common Pleas of Fayette County Criminal Division at
No(s): CP-26-CR-0001660-2011

BEFORE:   OLSON, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:             **FILED: DECEMBER 21, 2021**

Appellant, Daaron Anthony Shears, appeals from the order entered in the Fayette County Court of Common Pleas (trial court), which dismissed his second, third, fourth, and fifth petitions filed pursuant to the Post Conviction Relief Act (PCRA)[1] without a hearing.  We affirm.

On July 13, 2012, a jury convicted Appellant of rape, sexual assault, and statutory sexual assault.  The trial court sentenced Appellant on November 2, 2012, to a mandatory minimum term of 10 to twenty 20 years' incarceration for the rape conviction, pursuant to 42 Pa.C.S. § 9718. The court imposed a consecutive term of 3 months' to 10 years' incarceration for sexual assault,

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541–9546.

and no further penalty for statutory sexual assault. Appellant filed a post-sentence motion on November 6, 2012. On November 8, 2012, the court amended the sentence to impose a consecutive term of 3 months' to 10 years' incarceration for statutory sexual assault, and no further penalty for sexual assault. Appellant filed a notice of appeal on December 11, 2012, which this Court quashed as untimely on May 23, 2013. ***Commonwealth v. Shears***, No. 1954 WDA 2012, unpublished order (Pa. Super. filed May 23, 2013). Appellant did not file a petition for allowance of appeal.

On September 10, 2014, Appellant filed a *pro se* first PCRA petition. The PCRA court appointed counsel, who filed an amended PCRA petition on January 6, 2015. Following a hearing, the court dismissed this PCRA petition as untimely on June 2, 2015. On October 14, 2015, this Court affirmed the dismissal of that PCRA petition. ***Commonwealth v. Shears***, No. 937 WDA 2015, unpublished judgment order (Pa. Super. filed October 14, 2015). On September 19, 2016, the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal from that order. ***Commonwealth v. Shears***, 158 A.3d 67 (Pa. 2016).

Between April 2018 and November 2019, Appellant filed the multiple PCRA petitions at issue in this appeal. On April 30, 2018, Appellant filed his second PCRA petition. On May 4, 2018, the trial court entered an order permitting amendment of the PCRA petition and Appellant filed another PCRA petition on February 11, 2019, which the trial court treated as an amended

PCRA petition. On February 14, 2019, the trial court issued a notice pursuant to Pa.R.Crim.P. 907 of its intent to dismiss Appellant's PCRA petition without a hearing. On March 28, 2019, Appellant filed a response to this Rule 907 notice on March 4, 2019, and on March 14, 2019, the trial court granted Appellant 90 days to amend the PCRA petition. On March 28, 2019, Appellant filed another PCRA petition, which the trial court again treated as an amended second PCRA petition. On May 28, 2019, Appellant filed a third PCRA petition. On July 3, 2019, the trial court issued a Rule 907 notice of its intent to dismiss Appellant's PCRA petitions without a hearing. Appellant filed a response to this Rule 907 notice, and, on September 23, 2019, filed yet another PCRA petition. On November 8, 2019, Appellant filed a fifth PCRA petition. On March 9, 2020, the trial court issued a Rule 907 notice of its intent to dismiss these PCRA petitions without a hearing, and Appellant filed a response to this Rule 907 notice on March 16, 2020. On August 6, 2020, the trial court entered an order dismissing Appellant's PCRA petitions. This timely appeal followed.

Appellant asserts that the trial court erred in dismissing his PCRA petitions because he allegedly presented meritorious claims that he is entitled to a new trial based on after-discovered exculpatory evidence, that his trial and direct appeal counsel were ineffective, that the trial court lacked jurisdiction because the crime allegedly did not occur in Fayette County, and that the prosecutor's peremptory challenges in jury selection violated *Batson v. Kentucky*, 476 U.S. 79 (1986). Appellant's Brief at 8, 20-21. We do not

address the merits of these claims for PCRA relief, however, as it is clear the trial court was required to dismiss all of Appellant's PCRA petitions because they were barred by the PCRA's time limitation.[2]

The PCRA provides that "[a]ny petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1). A PCRA petition may be filed beyond the one-year time period only if the convicted defendant pleads and proves one of the following three exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* The PCRA's time limit is jurisdictional, and a court may not ignore it and reach the merits of an untimely PCRA petition. ***Commonwealth v. Fahy***, 737 A.2d 214, 222-23 (Pa. 1999); ***Commonwealth v. Whiteman,*** 204 A.3d

---

[2] Although the trial court did not base its dismissal on the PCRA's time bar, we may affirm the trial court's decision on any valid basis. ***Commonwealth v. Janda***, 14 A.3d 147, 161 n.8 (Pa. Super. 2011); ***Commonwealth v. Kemp***, 961 A.2d 1247, 1254 n.3 (Pa. Super. 2008) (*en banc*).

448, 450 (Pa. Super. 2019); *Commonwealth v. Pew*, 189 A.3d 486, 488 (Pa. Super. 2018).

Appellant's judgment of sentence became final on December 10, 2012, upon expiration of the 30-day period to file an appeal to this Court.[3] 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903(a); *Whiteman,* 204 A.3d at 450. The instant PCRA petitions were all filed more than five years after the judgment became final and are therefore untimely unless Appellant alleged and proved one of the three limited exceptions set forth in Sections 9545(b)(1)(i)-(iii). These exceptions can apply only if Appellant filed the PCRA petition "within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

The only exception that Appellant asserts that he can show is the exception for newly discovered facts. Appellant's Brief at 14. This timeliness exception applies only where the convicted defendant shows both that he did not know the facts upon which he bases his PCRA petition and that he could not have learned of those facts earlier by the exercise of due diligence. 42 Pa.C.S. § 9545(b)(1)(ii); *Commonwealth v. Sanchez*, 204 A.3d 524, 526 (Pa. Super. 2019). Mere allegations that the convicted defendant did not learn of facts until shortly before the PCRA petition was filed, without any allegations showing timely efforts or inability to discover that information

---

[3] The 30-day period extended to December 10, 2012 because the thirtieth day, December 8, 2012, was a Saturday.

earlier, are insufficient to satisfy Section 9545(b)(1)(ii)'s exception for newly-discovered facts.  ***Sanchez***, 204 A.3d at 526-27; ***Pew***, 189 A.3d at 489-90.

The only facts that Appellant contends were newly discovered consist of an alleged inconsistency between the victim's trial testimony and an affidavit of probable cause for Appellant's arrest dated July 19, 2011, before Appellant's trial.  Appellant's Brief at 14 & Ex.1.  Appellant does not state when he first obtained this document, which had been in existence for more than six years before he filed the first of these PCRA petitions, let alone make any showing that he could not have learned of this document before April 2017.  Moreover, the record is clear that Appellant had this document before his trial, as it is attached to the Commonwealth's December 2011 answer to Appellant's request for discovery. Indeed, Appellant contends that his trial counsel had the document in 2012 at trial, as he argues that trial counsel was ineffective for failing to cross-examine the victim concerning the document.  ***Id.*** at 18.

All of Appellant's other claims are matters that would have been known to Appellant in 2012 during or at the end of his trial or, in the case of direct appeal counsel's ineffectiveness, no later than 2013, after this Court quashed his appeal.  Appellant does not contend in his brief that he learned any facts on which any of those claims are based later than 2013.  Appellant's claim that the trial court lacked jurisdiction does not provide an exception to the PCRA's time limit.  The PCRA's time bar cannot be avoided even where the

defendant asserts a non-waivable claim of illegality of sentence. *Fahy*, 737 A.2d at 223; *Whiteman,* 204 A.3d at 450-51; *Pew*, 189 A.3d at 488.

Because Appellant's April 30, 2018, May 28, 2019, September 23, 2019, and November 8, 2019 PCRA petitions were untimely, we affirm the trial court's order dismissing these PCRA petitions.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/21/2021