J-S03043-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EDWARD COON | : | |
| | : | |
| Appellant | : | No. 518 WDA 2021 |

Appeal from the PCRA Order Entered January 13, 2021
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0002101-2012

BEFORE: LAZARUS, J., SULLIVAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.: **FILED: FEBRUARY 24, 2022**

Edward Coon (Coon) appeals from the order denying his second petition filed pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, in the Court of Common Pleas of Erie County (PCRA court). He claims that the after-discovered facts exception to the PCRA was applicable because the affidavit of David Bates established that the seized drugs supporting his conviction did not belong to him. We affirm.

We take the following pertinent factual background and procedural history from the PCRA court's December 22, 2020 opinion and our independent review of the record.

---

[*] Retired Senior Judge assigned to the Superior Court.

**I.**

In April 2011, Erie police were investigating Coon's involvement in narcotics distribution. Upon executing a search warrant of his residence, police discovered and seized cocaine and charged him with Possession with Intent to Deliver, Possession of a Controlled Substance and Possession of Paraphernalia.[1] (*See Commonwealth v. Coon*, 2020 WL 113954, unpublished memorandum, at *1 (Pa. Super. filed Jan. 9, 2020)).[2] On February 11, 2014, a jury convicted Coon of all charges, and on April 2, 2014, the court sentenced him to an aggregate term of incarceration of not less than 84 nor more than 168 months.

On March 13, 2018, Coon filed his first PCRA petition in which he alleged ineffective assistance of trial counsel for his failure to request suppression of the search warrant for his residence at 648 East 24th Street, Erie, Pennsylvania, on the basis that the search warrant was illegal. Appointed counsel filed a "no merit" letter in which he concluded that the petition was untimely with no applicable timeliness exception. After sending Rule 907 notice of its intent to dismiss the petition without a hearing, *see* Pa.R.Crim.P.

_____

[1] 35 P.S. § 780-113(a)(30), (16), (32).

[2] At the time of the investigation and arrest herein, Coon also was arrested for firearms offenses of which a jury acquitted him. Coon appealed the denial of a motion for return of property in that related case that this Court affirmed on January 9, 2020.

907(1), the court dismissed the petition on September 27, 2018. Coon did not appeal.

On February 14, 2020, Coon filed his second PCRA petition. In the petition, Coon alleged for the first time that the seized narcotics were not his. (*See* PCRA Court Opinion, 12/22/20, at 6). The PCRA court explained:

> ... [Coon] claim[ed] he "received newly-discovered facts in the form of an affidavit wherein a David Bates indicates that on May 23, 20111 [sic] Jaymar Phillips approached him seeking his assistance to cook cocaine [and] any extra leftover the Affiant would be able to keep." PCRA, ¶ 11. [Coon] further assert[ed] "[t]he Affiant David Bates declares in his affidavit that he knows for a fact that … the seized drugs did not belong to [Coon] and that he is willing to testify that the drugs did not belong to [Coon]." PCRA, ¶ 16. In support, [Coon] attached a statement by David R. Bates. PCRA, "Exhibit A."
>
> The essence of Mr. Bates's statement is that "[on] 5-24-11 Jaymar Phillips" drove Mr. Bates to "24th off the corner of Reed" and they "went into the house from the side door." *See* PCRA, Exhibit "A." Mr. Bates and Jaymar Phillips then began "cooking cocaine" and "broke Unc's blender" so the two "decided to go to Walmart to buy more baking soda and a new blender." *Id.* When they returned to "24th Street" they "seen cops every where [sic]." *Id.* Mr. Bates concludes "That's how I know for a fact that work/half kilo wasn't Edward Coon [sic]." *Id.*

(*Id.* at 5-6); (*see also* Coon's Brief, at Appendix B).

On December 22, 2020,[3] the PCRA court served Coon with Rule 907 notice, and on January 13, 2021, it formally dismissed the petition. Coon

---

[3] On February 24, 2020, the PCRA court had entered an order dismissing Coon's petition on the erroneous basis that it lacked jurisdiction due to a pending appeal. Coon filed an identical PCRA petition on March 30, 2020, which the court dismissed on April 1, 2020. However, the appeal had been

timely appealed and complied with Rule 1925(b). ***See*** Pa.R.A.P. 1925(b). He now argues to this Court that the court erred in denying his second PCRA petition because he is entitled to the application of the after-discovered facts exception based on Bate's affidavit.[4] (***See*** Coon's Brief, at 4, 7-8).

## II.

Before considering the merits of Coon's PCRA petition, we must first determine whether the PCRA court properly found that it is untimely under the PCRA's jurisdictional time-bar. A PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1). A judgment becomes final at the conclusion of direct review, "including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). Because the timeliness requirements of the PCRA are jurisdictional in nature, courts

_____

filed at a different docket number and ,thus, dismissal for lack of jurisdiction was improper. Upon realizing its error, the court rescinded its February 24th and April 1st orders and consolidated the two PCRA petitions, directing that they be treated as filed on February 14, 2020.

[4] In reviewing the denial of PCRA relief, our standard of review is limited to whether the record supports the PCRA court's factual determinations and whether its decision is free of legal error. ***See Commonwealth v. Lopez***, 249 A.3d 993, 998 (Pa. 2021). We apply a *de novo* standard of review to the PCRA court's legal conclusions. ***See id.***

cannot address the merits of an untimely petition. *See Commonwealth v. Moore*, 247 A.3d 990, 998 (Pa. 2021).

Coon's judgment of sentence became final on May 2, 2014, when his time to file an appeal to this Court expired. *See* 42 Pa.C.S. § 9545(b)(3). Therefore, he had until May 2, 1015, to file a timely PCRA petition. *See* 42 Pa.C.S. § 9545(b)(1). Because Coon did not file the instant PCRA petition until approximately five years later, on February 14, 2020, it is facially untimely, and we lack jurisdiction to consider the appeal's merits unless he pleads and proves one of the three limited exceptions to the time-bar:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

Coon invokes the newly-discovered facts exception. A petitioner satisfies the newly-discovered facts exception through pleading and proving that there were facts that were unknown to him and that he exercised due diligence. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1274 (Pa. 2007). "Due diligence demands that the petitioner take reasonable steps to

- 5 -

protect his own interests; a petitioner must explain why he could not have learned the new facts earlier with the exercise of due diligence." **Commonwealth v. Sanchez**, 204 A.3d 524, 526 (Pa. Super. 2019) (citation omitted).

Coon states that he could not have raised the claim herein sooner because, "there was no possible way" he could have discovered that "David Bates and Jaymar Phillips were the individuals whose 'drugs were seized' during the raid conducted by [the] Erie police department" because "when a residence is used for cooking drugs, a myriad of drug dealers come in and out of the residence." (Coon's Brief, at 6, 8). He claims that "even if [he] was aware of David Bates existence, there was no possible way he could have learned of the events that took place." (**Id.** at 8). This claim is not legally persuasive.

First, Coon waived any claim that the drugs seized by police in 2011 were not his, a fact that he necessarily would have been aware of at that time, by failing to raise it either before or at trial or in his first PCRA petition. **See** 42 Pa.C.S. §§ 9543(a)(3), 9544(b).

Second, under the newly-discovered facts exception, "the focus is on newly discovered **facts, not a new source** for previously known facts." **Commonwealth v. Marshall**, 947 A.2d 714, 720 (Pa. 2008) (emphasis added). If the cocaine seized by the Erie police in 2011 did not belong to Coon, this necessarily was a fact that was known to him at that time. The

Bates' affidavit is merely a new source to support this previously known fact and, thus, cannot satisfy the newly-discovered facts exception. *See id.*

Finally, even assuming *arguendo* that Coon somehow was unaware that the drugs were not his, but instead belonged to one of the unidentified drug dealers in his home, he has failed to plead and prove that he exercised due diligence to discover the names of the individuals who were in his residence immediately prior to the search. *See Bennett*, *supra* at 1274; *Sanchez*, *supra* at 526.

For all these reasons, Coon fails to plead and prove the applicability of the newly-discovered facts exception to the PCRA's time-bar, and the PCRA court properly dismissed his petition as untimely.[5] *See Lopez*, *supra* at 998.

Order affirmed.

---

[5] Because we lack jurisdiction to consider the merits of this appeal, we are precluded from considering Coon's substantive argument that the affidavit was after-discovered evidence that would have justified the grant of a new trial. (*See* Coon's Brief, at 9-11). We merely note that we agree with the PCRA court that Coon would have been unable to demonstrate the factors required to justify the grant of a new trial based on after-discovered evidence. (*See* PCRA Ct. Op., at 7-8); *see also Commonwealth v. Small*, 189 A.3d 961, 972 (Pa. 2018) (To justify the grant of a new trial for after-discovered evidence "the evidence must have been discovered after the trial and must be such that it could not have been obtained at the trial by reasonable diligence, must not be cumulative or merely impeach credibility, and must be such as would likely compel a different result[.]") (citation omitted).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/24/2022