J-S20035-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARQUIS THOMAS | : | |
| | : | |
| Appellant | : | No. 2555 EDA 2022 |

Appeal from the PCRA Order Entered September 28, 2022
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0001721-2011

BEFORE:   DUBOW, J., KUNSELMAN, J., and COLINS, J.*

DISSENTING STATEMENT BY DUBOW, J.:          **FILED OCTOBER 20, 2023**

I would affirm the Order dismissing the petition without a hearing as untimely.  Because Appellant failed to plead in his PCRA Petition why he was unable to obtain the information earlier with the exercise of due diligence, I conclude he has not satisfied the timeliness exception provided in Section 9545(b)(ii) and the trial court properly dismissed the Petition.

The PCRA provides, in relevant part, that "Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition **alleges** and the petitioner proves that  . . . (ii) the facts upon which the claim is predicated were unknown to the petitioner **and** could not have been ascertained by the exercise of due diligence[.]"  42 Pa.C.S. § 9545(b)(ii).  As

---

* Retired Senior Judge assigned to the Superior Court.

the Majority recognizes, the mere assertion that a petitioner only recently learned of the existence of the newly-discovered evidence does not satisfy the Section 9545(b)(1)(ii) timeliness exception. ***See*** MO at 10, citing ***Commonwealth v. Sanchez***, 204 A.3d 524, 526-27 (Pa. Super., 2019), ***Commonwealth v. Pew***, 189 A.3d 486, 489-90, ***Commonwealth v. Priovolos***, 746 A.2d 621, 625-26 (Pa. Super. 2000). In addition, although the trial court addressed the issue as "after-discovered evidence," a determination on that basis occurs only if the petition is deemed timely.[1] ***See Commonwealth v. Burton***, 158 A.3d 618, 629 (Pa. 2017) (recognizing the distinction between the newly discovered facts exception provided in Section 9545(b)(ii) and the after-discovered evidence basis for relief delineated in Section 9543).

Here, Appellant did not allege that the unknown facts could not have been ascertained by the exercise of due diligence. Rather, Appellant submits the following statement:

---

[1] Where a petition is "otherwise timely, to prevail on an after-discovered evidence claim for relief under subsection 9543(a)(2)(vi), a petitioner must prove that (1) the exculpatory evidence has been discovered after trial and could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict." ***Burton***, 158 A.3d at 630, citing ***Commonwealth v. D'Amato***, 856 A.2d 806, 823 (Pa. 2004). Here, as the Majority notes, without a finding that Appellant's petition was timely, the court did not have jurisdiction to address whether the evidence met the standards required for relief under Section 9543(a)(vi).

> [S]uch evidence could not have been ascertained *at the time of trial* by the exercise of due diligence because the witness's new statement comes forward after revealing the prosecution required the witness to violate the judge's sequestration order [imposed during the preliminary hearing] in order to get custody of her daughter.

PCRA Petition, filed 9/7/21/ at ¶ 16 (emphasis added).

Appellant fails to acknowledge the timeliness requirements set forth in Section 9545(b)(ii).  The new evidence here is the witness statement given to the private investigator in 2021.  The timeliness exception requires a petitioner to plead why he could not have obtained that statement prior to the passage of the nine years following his conviction.  In this case, Appellant does not provide an explanation, but rather only makes a bald statement in the PCRA petition that Appellant learned of the existence of the statement.  This does not satisfy the requirements necessary to establish the applicability of the Section 9545(b)(ii) exception. **Sanchez**, 204 A.3d at 526-27.

Accordingly, I would affirm the PCRA court's order dismissing the petition as untimely.