J-S20035-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARQUIS THOMAS | : | |
| | : | |
| Appellant | : | No. 2555 EDA 2022 |

Appeal from the PCRA Order Entered September 28, 2022
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0001721-2011

BEFORE:   DUBOW, J., KUNSELMAN, J., and COLINS, J.[*]

DISSENTING MEMORANDUM BY COLINS, J.:          **FILED MAY 16, 2024**

Because I disagree with the learned majority's conclusion that Appellant

failed to sufficiently plead that he can satisfy the timeliness exception for

newly discovered facts provided by Section 9545(b)(1)(ii) of the Post

Conviction Relief Act (PCRA),[1] I respectfully dissent.

Appellant's PCRA petition, filed on September 7, 2021, sought relief

based on a handwritten May 5, 2021 statement signed by a prosecution

witness recanting her trial testimony.  The date of the witness's statement,

signed less than five months before the PCRA petition was filed, is well within

---

[*] Retired Senior Judge assigned to the Superior Court.

[1]  42 Pa.C.S. § 9545(b)(1)(ii).

the one-year period within which a PCRA petition based on newly discovered facts must be filed. 42 Pa.C.S. § 9545(b)(2).

Absent evidence that the witness had previously admitted that her trial testimony was not truthful or that Appellant had reason to know prior to September 7, 2020, one year before he filed the PCRA petition, that she would admit to testifying falsely, such a recantation is sufficient to satisfy the PCRA's timeliness exception for newly discovered facts. **Commonwealth v. Diggs**, 220 A.3d 1112, 1116, 1118 (Pa. Super. 2019) (Section 9545(b)(1)(ii) newly discovered fact exception applied to PCRA claim that witness recanted testimony where witness signed affidavit recanting testimony one month before defendant filed PCRA petition asserting a claim based on that recantation); **Commonwealth v. Medina**, 92 A.3d 1210, 1214, 1216-18 (Pa. Super. 2014) (*en banc*), **appeal dismissed as improvidently granted**, 140 A.3d 675 (Pa. 2016) (PCRA claim that witness recanted testimony was timely under Section 9545(b)(1)(ii) where witness, less than 60 days before defendant filed PCRA petition, revealed to defendant that he lied at trial); **Commonwealth v. Parks**, 2031 EDA 2021, slip op. at 3, 7-12 (Pa. Super. May 16, 2023) (unpublished memorandum) (reversing dismissal without a hearing where PCRA petition was based on recantation shortly before the PCRA petition was filed). There is nothing in the record from which it can be concluded that the witness recanted her trial testimony more than a year before Appellant filed the PCRA petition on September 7, 2021, that the

witness ever indicated to anyone before September 7, 2020 that she had testified falsely at trial, or that Appellant could have learned such information before that date.

As the majority correctly notes, Section 9545(b)(1)(ii)'s timeliness exception requires not only that the new facts were recently discovered but that the defendant could not have discovered the facts earlier if he had exercised due diligence. 42 Pa.C.S. § 9545(b)(1)(ii); **Diggs**, 220 A.3d at 1117; **Commonwealth v. Sanchez**, 204 A.3d 524, 526 (Pa. Super. 2019). The mere assertion that the defendant only recently learned of documents, facts or witnesses that were in existence and capable of being discovered long before the PCRA petition was filed is therefore not sufficient to make a PCRA petition timely where there is no explanation why the defendant could not have learned that information earlier. **Sanchez**, 204 A.3d at 526-27; **Commonwealth v. Pew**, 189 A.3d 486, 489-90 (Pa. Super. 2018); **Commonwealth v. Priovolos**, 746 A.2d 621, 625-26 (Pa. Super. 2000). Here, however, the new facts are a change in a witness's testimony that occurred sometime after Appellant's trial, not a pre-existing document or the identity of witness that could have been discovered by exercising diligence. It cannot be concluded such a change in testimony could have been discovered earlier through the exercise of due diligence where there is no evidence that the witness gave any indication at any earlier date that the prior testimony was false or that the defendant had any prior reason to believe that the

witness would admit to having lied at trial. **Medina**, 92 A.3d at 1216-18; **see also Commonwealth v. Davis**, 86 A.3d 883, 890-91 (Pa. Super. 2014) (due diligence does not require that the defendant to assume that the Commonwealth has caused a witness to commit perjury).

The majority concludes that Appellant did not satisfy Section 9545(b)(1)(ii)'s timeliness exception because it is the defendant's burden to plead that the facts could not have been discovered earlier and Appellant did not set forth in his PCRA petition that he could not have learned of the witness's recantation more than a year before he filed the PCRA petition. I would agree that this pleading deficiency would permit dismissal of the PCRA petition without a hearing if the PCRA court had advised Appellant in its Pa.R.Crim.P. 907 notice that the PCRA petition was barred as untimely because Appellant had not pled when the witness first recanted her testimony and Appellant, following such notice, had failed to cure the defect by specifically pleading that the witness did not recant her trial testimony before September 7, 2020 or that he had no notice before that date that she had ever indicated to anyone that her testimony at trial concerning Appellant's actions was false. The PCRA court's Rule 907 notice, however, did not advise Appellant of any such pleading defect. Rather, the Rule 907 notice stated with respect to timeliness only that the court concluded that the recantation "does not constitute 'newly discovered evidence'" without suggesting that the deficiency was a pleading flaw, and the court specifically accepted that the

recantation occurred "nine years after trial." Rule 907 Notice, 7/12/22, at 3-4.

Because there is no basis in the record to find that it is undisputed that Appellant could have learned of the witness's change in testimony more than a year before he filed the PCRA petition and the PCRA court's Rule 907 notice did not state inadequate pleading of inability to learn of the recantation as a ground for holding the PCRA petition untimely, I believe that the PCRA court's summary dismissal of the PCRA petition as untimely was improper. I therefore would remand this case for a hearing on the issues of whether Appellant could have learned of the witness's recantation before September 7, 2020 and Appellant's due diligence in seeking that information. **See Commonwealth v. D. Williams**, 244 A.3d 1281, 1288-89 (Pa. Super. 2021); **Parks**, 2031 EDA 2021, slip op. at 7-12.

The PCRA court alternatively held even if the PCRA petition was timely, dismissal was proper on the ground that Appellant's claim for relief lacked merit. PCRA Court Opinion, 1/20/23, at 11-14. I believe that this likewise is not a sufficient basis on which the dismissal without a hearing can be sustained.[2]

Recantation evidence is generally an exceedingly unreliable type of evidence, particularly when, as here, it constitutes an admission of perjury.

---

[2] The majority, having concluded that the PCRA petition was properly held untimely without a hearing, does not address this issue.

*Commonwealth v. D'Amato*, 856 A.2d 806, 825 (Pa. 2004); *Commonwealth v. McCracken*, 659 A.2d 541, 545 (Pa. 1995); *Commonwealth v. Loner*, 836 A.2d 125, 135 (Pa. Super. 2003) (*en banc*). That fact, however, does not make all such recantations *ipso facto* incredible. *Commonwealth v. R. Williams*, 732 A.2d 1167, 1180 (Pa. 1999); *McCracken*, 659 A.2d at 545-46 (upholding grant of new trial based on witness recantation where trial court heard recanting witness's testimony and found recantation credible); *Medina*, 92 A.3d at 1218-21 (affirming grant of new trial based on witness recantation where PCRA court heard recanting witness's testimony and found recantation credible). A PCRA court therefore cannot automatically reject a recantation as incredible and must assess its credibility based on factors beyond the mere fact that it contradicts the witness's prior testimony before it can deny relief on the ground that the claim based on the recantation lacks merit. *D'Amato*, 856 A.2d at 825-26; *R. Williams*, 732 A.2d at 1180-81. *Loner*, relied on by the PCRA court, is not to the contrary. In *Loner*, the PCRA court rejected the victim's recantation of her trial testimony after observing her testimony concerning the recantation at a PCRA hearing. 836 A.2d at 139-41.

Here, the PCRA court did not point to anything in the content of the May 5, 2021 statement that is facially impossible or that is incredible for any reason other than the fact that it differs from the witness's trial testimony. Rather, the basis that the PCRA court articulated for finding the new statement

- 6 -

incredible was that it was a recantation and involved an admission of perjury. PCRA Court Opinion, 1/20/23, at 7-8, 12-13. Moreover, the PCRA court not only did not have the benefit of observing the witness and judging the credibility of her recantation at a PCRA hearing, it had no opportunity to observe her trial testimony, as the PCRA judge did not preside over Appellant's trial. Under these circumstances, I believe that it was error for the PCRA court to conclude that the recantation was not credible without holding a hearing. *See Parks*, 2031 EDA 2021, slip op. at 10-12; ***Commonwealth v. Smith***, 436 EDA 2020, slip op. at 12-15 (Pa. Super. July 30, 2021) (unpublished memorandum).

For the foregoing reasons, I would hold that the PCRA court erred in concluding that there were no genuine issues of material fact and in determining that the PCRA petition was untimely and lacked merit without conducting an evidentiary hearing. I would therefore remand this case with instructions that the PCRA court hold a hearing on both the timeliness and merits of Appellant's claim for PCRA relief.