J-S19038-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES STEPHEN PAVLICHKO | : | |
| | : | |
| Appellant | : | No. 1090 MDA 2023 |

Appeal from the PCRA Order Entered July 6, 2023
In the Court of Common Pleas of Schuylkill County
Criminal Division at No(s):  CP-54-CR-0000802-1996

BEFORE:   DUBOW, J., BECK, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED: NOVEMBER 15, 2024**

James Stephen Pavlichko ("Appellant"), *pro se*, appeals from the order

dismissing his serial petition filed under the Post Conviction Relief Act (PCRA).

***See*** 42 Pa.C.S. §§ 9541-9546. We affirm.

As established by this Court's review, and ultimate dismissal, of

Appellant's untimely fifth PCRA petition:

> In order to avoid the death penalty, Appellant pled guilty to
> criminal homicide generally, aggravated assault, and conspiracy
> in connection with the brutal beating death of Dale Nelson.
> Appellant proceeded in 1997 to a degree-of-guilt hearing along
> with co-defendant Daniel Petrichko. At the hearing, the
> Commonwealth presented the testimony of a third co-defendant
> who had pled guilty and another eyewitness, both of whom
> testified that Appellant was the one who repeatedly beat the
> victim with a stick. The Commonwealth also read a statement
> Petrichko had given to the police. Petrichko's redacted statement

---

[*] Retired Senior Judge assigned to the Superior Court.

likewise indicated that "the other person" had gone after the victim with a stick.

The trial court found both Appellant and Petrichko guilty of first-degree murder. The court sentenced Appellant to life imprisonment, followed by fifteen to forty years of imprisonment. In a post-sentence motion, Appellant raised, *inter alia*, an after-discovered evidence claim. Therein, Appellant contended that Petrichko at his separate sentencing hearing made an on-the-record statement that Appellant had no knowledge of any plan to kill Mr. Nelson, and that Appellant had actually tried to stop Petrichko from killing him. The trial court rejected Appellant's claim, stating as follows:

> [Appellant] argues that Petrichko's knowledge of [Appellant's] "non participation" in the murder constitutes the after-discovered evidence." This argument is patently specious because it flies directly in the face of [Appellant's] own guilty plea wherein he admitted [killing] the victim. Furthermore, Petrichko's assertion that [Appellant] "did nothing" and tried to stop the crime is not "after-discovered" because [Appellant] himself knew what he did.... The point is that [Appellant] is aware of what he did nor didn't do and, as such, Petrichko's statement is merely cumulative of what [Appellant] already knew. [Appellant] does not need Petrichko to tell him what he did at the murder scene ....

> Our Supreme Court has stated on several occasions that post-verdict accomplice testimony must be considered with caution. The reasons for the rule are obvious.... There are many reasons why accomplices might attempt to exonerate their co-conspirators—post trial. The instant case presents an example of one of those reasons which is set forth in correspondence ... which Mr. Petrichko sent to the court and which was noted by the court at sentencing .... In said correspondence, ... Mr. Petrichko states that "... I lied in the beginning because I was afraid of [Appellant]. I am afraid of him to this day. Sir, he is nuts.["]

> ["]He threatens me every day. He says he is going to get a hold of me up state and show me what snitches deserve.["]

> ["]I would rather die at the hands of the state th[a]n have him commit another murder." Five days later ... at

Petrichko's sentencing, Petrichko informed the court that [Appellant] "did nothing" relative to the murder. Thus, within a space of five days Petrichko informed the court that he was terrified of [Appellant] because [Appellant] had been threatening him on a daily basis because he was a "snitch" and then, at his sentencing hearing, he attempted to exonerate [Appellant]. It should be noted that throughout the [degree-of-]guilt phase trial several witnesses testified as to the fear instilled in them by [Appellant]. The court views Petrichko's statement—not as "after–discovered evidence"—but as an attempt to mollify [Appellant] because he is afraid of [Appellant]. To grant a new trial under these circumstances would indeed make a mockery of justice.

[Appellant's] motion for a new trial based upon anything Petrichko has to say post-sentence will be denied. Petrichko's statements are not "after-discovered evidence" because they are not new, in that they did not inform [Appellant] of anything of which he was unaware prior to his trial, are cumulative of what [Appellant] already knew, and would not compel a different outcome. The overwhelming weight of the credible evidence produced at trial clearly established that [Appellant] planned, organized, directed, participated in, and then attempted to cover-up the murder of Dale Nelson.

Trial Court Opinion, 10/22/97, at 10-12 (citations and unnecessary capitalization omitted).

This Court affirmed Appellant's judgment of sentence on direct appeal. **Commonwealth v. Pavlichko**, 724 A.2d 959 (Pa. Super. 1998) (unpublished memorandum), *appeal denied*, 734 A.2d 393 (Pa. 1998). In so doing, this Court rejected his after-discovered evidence claim for the reasons stated by the trial court: "Petrichko's statements are not trustworthy and do not constitute after-discovered evidence." **Id**. (unpublished memorandum at 10). PCRA petitions filed by Appellant in 1999, 2005, 2006, and 2017 resulted in no relief.

**Commonwealth v. Pavlichko**, 1522 MDA 2018, 2019 WL 1752805 at *1-2

(Pa. Super., filed April 17, 2019) (unpublished memorandum).

In Appellant's fifth PCRA petition, he

- 3 -

claimed that Petrichko had at some undisclosed point in the past sent a letter to Appellant's counsel detailing the facts of the murder and Appellant's lack of involvement in it, but that counsel did not forward it to Appellant. Appellant attached to his petition a copy of the undated letter, which is addressed to Appellant's trial counsel. He also attached an affidavit from Petrichko, which indicates that he wrote the letter in 1997 when Appellant's trial counsel met with Petrichko about the exculpatory statement Petrichko made at his sentencing hearing. The affidavit further provides that Petrichko sent the letter to Appellant's trial counsel in 1997.

*Id*., at *2 (record citation omitted).

Ultimately, despite finding no abuse of discretion in the lower court's determination that his PCRA petition was not time-barred, Appellant failed to show, both before the lower court and this Court, that he was entitled to PCRA relief:

The arguably exculpatory evidence contained in Petrichko's newly-discovered letter is precisely the same as that rejected by the trial court and this Court on Appellant's direct appeal: that the murder was all Petrichko's doing, and that Appellant's only involvement was to try to stop Petrichko from committing the crime and helping Petrichko after the deed was done. PCRA Petition, 6/5/18, at Exhibit A (detailing Petrichko's post-trial version of events from a week before the murder, when the victim supposedly took Petrichko's paycheck without authorization while Petrichko was away for military reserve training, to police officers utilizing every interrogation technique featured on television to elicit his confession). Appellant points to no material differences between the narrative offered in this letter and the one Petrichko offered during his sentencing hearing that, according to Petrichko's affidavit, was what prompted the writing of the letter in 1997 in the first place. The claim is meritless now for the same reason it was meritless before: "Petrichko's statements are not trustworthy and do not constitute after-discovered evidence. *Pavlichko, supra* (unpublished memorandum at 10).

*Id*., at 3.

- 4 -

Appellant filed the present PCRA petition, his seventh, on March 24, 2023. Therein, he claimed that he is entitled to relief because he recently obtained a letter, argued to be a newly discovered fact, from Petrichko, which verifies that "the victim, Dale Nelson, was alive when co-defendant[] Petrichko returned to his apartment alone." Appellant's Brief, at 7; **see also** PCRA Petition, March 24, 2023, at ¶¶ 5, 12-13. "The letter[] further detailed how co-defendant[] Petrichko killed the victim and the location of the victim's death." Appellant's Brief, at 7. "Co-defendant[] Petrichko was alone at his apartment when he killed the victim[.]" **Id**.

The PCRA provides that "[a]ny petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1). A PCRA petition may be filed beyond that one-year time period only if the defendant pleads and proves one of the following three exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

**Id**. These exceptions apply only if the defendant filed the PCRA petition "within

one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2). The PCRA's time limit is jurisdictional, and a court may not consider the merits of an untimely PCRA petition. **See Commonwealth v. Spotz**, 171 A.3d 675, 678 (Pa. 2017); **Commonwealth v. Fahy**, 737 A.2d 214, 22-23 (Pa. 1999); **Commonwealth v. Pew**, 189 A.3d 486, 488 (Pa. Super. 2018).

With his fifth PCRA petition having already been adjudicated untimely, Appellant's current PCRA petition, filed several years later, is likewise untimely. However, to defeat the PCRA's time-bar, Appellant asserts that Petrichko's letter, dated November 11, 2022, is a newly discovered fact.

The newly discovered facts exception applies only where the defendant shows both that he did not know the facts upon which he bases his PCRA petition and that he could not have learned of those facts earlier by the exercise of due diligence. **See** 42 Pa.C.S. § 9545(b)(1)(ii); **Commonwealth v. Sanchez**, 204 A.3d 524, 526 (Pa. Super. 2019).

While the letter, itself, might be a "new" development, its contents do not say anything different from that which has already been rejected in our review of Appellant's fifth PCRA petition; paralleling this Court's previous discussion, Petrichko's letter, appended to Appellant's present PCRA petition, states that Petrichko unilaterally killed Dale Nelson. **See** PCRA Petition, 3/24/24, at Ex. B (November 11, 2022 letter from Petrichko, saying that he "didn't want to go to jail so that is when [he] ended Dale's life"); **see also**

*Commonwealth v. Pavlichko,* 1522 MDA 2018, 2019 WL 1752805 at *3 (Pa. Super., filed April 17, 2019) (unpublished memorandum) (as established, *supra*, "[t]he arguably exculpatory evidence contained in Petrichko's newly-discovered letter [attached to his fifth PCRA petition] is … that the murder was all Petrichko's doing"). Appellant fails to distinguish his current petition from the arguments that have heretofore been advanced, and subsequently rejected, regarding his alleged innocence or degree of culpability.

Therefore, we find no abuse of discretion in the lower court's determination that Petrichko's most recent letter is not a newly discovered fact. **See** Order of Court, 5/9/23, at 3 ("[Petrichko] has been aware of the facts of the criminal episode and his involvement therein since it occurred."). Appellant entered into a guilty plea in 1997 wherein he assented to the factual underpinnings of his crimes. Since that plea, Appellant has advanced a theory, largely through Petrichko's own words, that it was unilaterally Petrichko who murdered Dale Nelson. While the newest letter describes, in the first instance, that the victim died at Petrichko's residence, Appellant fails to explain how this development materially distinguishes the letter from any of his previous claims, most recently contained in his fifth PCRA petition, wherein he placed sole responsibility on Petrichko for Dale Nelson's murder.

As such, Appellant has failed to demonstrate that the letter serves as a newly discovered fact, and the PCRA court did not err in finding his petition to

be untimely.[1]

Therefore, we affirm the order dismissing his PCRA petition as untimely.

Order affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/15/2024

---

[1] Even assuming, *arguendo*, that the letter's contents demonstrate a newly discovered fact, in light of the similarities between this current appeal and this Court's dismissal of his fifth PCRA petition, Appellant has not provided any evidence establishing that his "allegation of error has not been previously litigated[.]" 42 Pa.C.S. § 9543(a)(3).