J-S01027-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TROY J. STEINBURGER | : | |
| | : | |
| Appellant | : | No. 1209 MDA 2024 |

Appeal from the PCRA Order Entered August 1, 2024
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0004040-2002

BEFORE:   NICHOLS, J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KING, J.:                  **FILED: JANUARY 28, 2025**

Appellant, Troy J. Steinburger, appeals from the order entered in the Dauphin County Court of Common Pleas, which denied as untimely his serial petition filed pursuant to the Post Conviction Relief Act.[1]  We affirm.

The relevant facts and procedural history of this case are as follows.  On November 7, 2003, a jury convicted Appellant of first-degree murder, conspiracy, and possession of an instrument of crime ("PIC").  On November 7, 2003, the court sentenced him to life imprisonment.  This Court affirmed Appellant's judgment of sentence on August 9, 2004.  ***Commonwealth v. Steinburger***, No. 1915 MDA 2003 (Pa.Super. filed Aug.  9,  2004) (unpublished memorandum).  Appellant did not seek further direct review.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.

Thereafter, Appellant unsuccessfully litigated one timely PCRA petition and numerous untimely, serial PCRA petitions.

On November 30, 2023, Appellant filed the instant, *pro se* PCRA petition, claiming that he had received an affidavit from his co-defendant, Justin Robertson, on October 30, 2023. In the affidavit, Mr. Robertson admitted to pulling the trigger in the underlying shooting, and stated that Appellant had no knowledge of, and nothing to do with, the shooting. Appellant baldly asserted that no amount of diligence would have "made this evidence appear sooner [than] when it did." (**See** PCRA Petition, 11/30/23, at 4-5). Appellant also alleged that the ineffectiveness of prior counsel prevented him from receiving an adjudication on the merits of his earlier petitions.

On May 29, 2024, the PCRA court sent notice of intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907, due to the untimeliness of the petition and Appellant's failure to plead and prove an applicable exception to the PCRA's time bar. Appellant filed a response, reiterating that no amount of diligence would have uncovered this evidence sooner. On August 1, 2024, the PCRA court formally dismissed Appellant's petition. On August 19, 2024, Appellant timely filed a notice of appeal and a contemporaneous Pa.R.A.P. 1925(b) statement of errors.

On appeal, Appellant raises the following issues for our review:

> Did Appellant overcome and prove an exception to the PCRA time-bar 42 Pa.C.S. § 9545(b)(1)(i)(ii) and (iii) with the newly discovered/newly presented evidence in the form of an affidavit?

- 2 -

Did the PCRA court [ignore] issues of material facts and [fail] to consider those issues presented by Appellant in his PCRA petition, creating a fundamental miscarriage of justice, proving actual innocence.

Whether the PCRA court should have given the Mr. Robertson affidavit more weight, due to Mr. Robertson admitting guilt and confessing to the parole board before being parole[d], exculpating Appellant?

Did the PCRA court abuse its discretion by not holding an evidentiary hearing based on newly discovered/newly presented evidence to determine the credibility of the affidavit witness and to determine whether or not it was possible for Appellant to have obtain[ed] this sooner, instead of assuming it was possible?

(Appellant's Brief at 4).

The timeliness of a PCRA petition is a jurisdictional requisite. ***Commonwealth v. Hackett***, 598 Pa. 350, 956 A.2d 978 (2008), *cert. denied*, 556 U.S. 1285, 129 S.Ct. 2772, 174 L.Ed.2d 277 (2009). Pennsylvania law makes clear that no court has jurisdiction to hear an untimely PCRA petition. ***Commonwealth v. Robinson***, 575 Pa. 500, 837 A.2d 1157 (2003). The PCRA requires a petition, including a second or subsequent petition, to be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

To obtain merits review of a PCRA petition filed more than one year after

the judgment of sentence became final, the petitioner must allege and prove:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Additionally, a PCRA petitioner must file his petition within one year of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).

This Court has explained:

> [The newly-discovered facts exception] requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned of those facts earlier by the exercise of due diligence. Due diligence demands that the petitioner take reasonable steps to protect his own interests; a petitioner must explain why he could not have learned the new facts earlier with the exercise of due diligence.

***Commonwealth v. Sanchez***, 204 A.3d 524, 526 (Pa.Super. 2019). Further, the Pennsylvania Supreme Court has "reiterate[d] that a claim of ineffective assistance of counsel does not save an otherwise untimely petition for review on the merits." ***Commonwealth v. Fahy***, 558 Pa. 313, 331, 737 A.2d 214, 223 (1999). ***See also*** 42 Pa.C.S.A. § 9545(b)(4) (stating that for purposes

- 4 -

of this subchapter, "government officials" shall not include defense counsel, whether appointed or retained).

Instantly, Appellant's judgment of sentence became final on September 8, 2004, upon expiration of the time to file a petition for allowance of appeal with the Pennsylvania Supreme Court. *See* 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 1113. Therefore, Appellant had until September 8, 2005 to file a timely PCRA petition. *See* 42 Pa.C.S.A. § 9545(b)(1). Appellant filed the instant petition on November 30, 2023, which is patently untimely.

Appellant now attempts to invoke the newly-discovered facts exception to the PCRA time-bar based on the affidavit of his co-defendant.[2] In evaluating whether Appellant satisfied this exception, the PCRA court explained:

> Robertson's October 12, 2023 Affidavit states:
>
> > I Justin Robertson … am giving my statement in regards to the Homicide that [occurred] in 8/2002, [a]t 1230 hours to Mr. Lloyd J. Michaels from Higher Standards Investigations LLC. [Private] Detective hired by Troy Steinburg['s] Mother. I Justin Robertson was the co-defendant with Troy Steinburg[.] … In 2002 I Justin Robertson Committed a homicide in regards to this case, I did not conspire with Troy Steinburg I did not even know I was going to shoot and commit homicide that day until I (Justin Robertson) did it. Troy didn't even know I was going to commit this act, I was the only one that was there and the only one to pull the trigger in this Homicide,

---

[2] To the extent Appellant asserts the governmental interference exception under Section 9545(b)(1)(iii), we reiterate that claims of ineffective assistance of counsel do not satisfy this exception. *See Fahy, supra*.

and there was only one gun used, Troy Steinburg had no knowledge and nothing to do with [the] shooting.

\* \* \*

(Petitioner's Eighth Petition Pursuant to the Post Conviction Relief Act, Exhibit A).

First, [Appellant] failed to state why he could not have learned earlier of the facts set forth in Robertson's Affidavit. The trial centered upon evidence of [Appellant's] role in the shooting, of which the jury found him guilty. Next, as to whether [Appellant] could have known of Robertson's thoughts, the proffered information does not present newly discovered facts, but rather, a source newly-willing to come forth with previously known factual assertions.

(PCRA Court Opinion, 5/29/24, at 5-6).

We agree with the PCRA court's conclusion. Appellant did not discuss the steps taken to discover this evidence, or explain, beyond a bald assertion, why he could not have discovered Mr. Robertson's statements earlier. For example, the affidavit states that Appellant's mother hired a private investigator, who purportedly obtained the instant statement. Appellant fails to explain why he was unable to hire a private investigator sooner, nor does the affidavit state that Mr. Robertson was unwilling to admit to his role in the murder at an earlier time. Therefore, Appellant did not take reasonable steps to protect his own interests and has failed to prove that he exercised due diligence to obtain the proffered new evidence to satisfy the time-bar exception. *See Sanchez, supra*. Thus, the court properly dismissed the petition as untimely. *See Robinson, supra*. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 1/28/2025