J-S03029-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| THOMAS JAMAR BEAL | : | |
| | : | |
| Appellant | : | No. 659 MDA 2023 |

Appeal from the PCRA Order Entered April 6, 2023
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s):  CP-21-CR-0000659-2017

BEFORE:  OLSON, J., NICHOLS, J., and BECK, J.

MEMORANDUM BY NICHOLS, J.:         **FILED: MAY 6, 2024**

Appellant Thomas Jamar Beal appeals from the order dismissing his Post Conviction Relief Act[1] (PCRA) petition as untimely. Appellant argues that the trial court erred in concluding that he failed to establish the newly-discovered fact exception to the PCRA time bar. We affirm.

The underlying facts and procedural history of this matter are well known to the parties. *See* PCRA Ct. Op., 7/14/23, at 1-2. Briefly, Appellant entered a negotiated guilty plea to two counts of possession with intent to deliver a controlled substance[2] (PWID) on June 27, 2017. That same day, the trial court sentenced Appellant to an agreed-upon sentence of one and a half

_____

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 35 P.S.  § 780-113(a)(30).

to three years' incarceration for count one followed by seven years' probation for count two. Appellant did not file a direct appeal.

On September 9, 2022, Appellant filed a *pro se* PCRA petition. The PCRA court appointed counsel, who filed an amended petition on Appellant's behalf. Therein, Appellant argued that there was new evidence that former detective Christopher Collare, the affiant in Appellant's case, had been convicted and sentenced for multiple crimes involving police misconduct.[3] Amended PCRA Pet., 1/3/23, at ¶ 10. Appellant argued that he filed the petition within one year of the date he discovered that evidence, which "was not available until [the former detective's] conviction became final on the date he was sentenced in federal court, March 11, 2022." *Id.* at ¶ 16-17.

On March 11, 2023, the PCRA court conducted an evidentiary hearing. Appellant did not present any testimony or evidence to establish when he discovered the former detective's misconduct. *See* N.T. PCRA Hr'g, 3/11/23,

---

[3] In the amended PCRA petition, PCRA counsel characterized this claim as "after-discovered" evidence. *See* Amended PCRA Pet., 1/3/23, at ¶¶ 10-13. We note that while a newly-discovered fact claim is an exception to the PCRA's one-year time bar, *see* 42 Pa.C.S. § 9545(b)(1)(ii), an after-discovered evidence claim is a substantive claim for PCRA relief. *See* 42 Pa.C.S. § 9543(a)(2)(vi); *Commonwealth v. Burton*, 158 A.3d 618, 629 (Pa. 2017) (reiterating that "the newly-discovered facts exception to the time limitations of the PCRA, as set forth in subsection 9545(b)(1)(ii), is distinct from the after-discovered evidence basis for relief delineated in 42 Pa.C.S. § 9543(a)(2)"). However, it is clear from the record that the PCRA court properly construed Appellant's claim as a newly-discovered fact claim concerning timeliness, rather than a substantive claim of after-discovered evidence. Therefore, although the amended petition did not specifically reference Section 9545(b)(1)(ii), we decline to find waiver under the circumstances of this case.

at 10. Instead, Appellant argued that the timeliness of his petition was a legal issue, and that it was the date of the former detective's sentence, not his conviction, that triggered the one-year window for the timeliness exception. *Id.* at 10-16. On April 6, 2023, the PCRA court issued an order denying Appellant's petition as untimely. *See* PCRA Ct. Order, 4/6/23.

Appellant filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement. The PCRA court issued a Rule 1925(a) opinion addressing Appellant's claim.

On appeal, Appellant raises a single issue for review: "Whether the [PCRA c]ourt erred in finding that [Appellant's] PCRA was untimely." Appellant's Brief at 5.

Appellant argues that the PCRA court erred in rejecting his newly-discovered fact claim and asserts that it was the date of the former detective's sentencing, rather than the date of his conviction, which started the one-year clock for purposes of the timeliness exception. *Id.* at 9. Appellant asserts that the newly-discovered fact exception at 42 Pa.C.S. § 9545(b)(1)(ii) is vague and should be construed in his favor because although it refers to "'facts upon which the petitioner's claim is predicated' . . . an ordinary person would have no way of knowing whether the 'facts' are the finding of guilt or when that finding becomes final at the time of sentencing." *Id.* at 10. Appellant argues that because "a conviction does not become final until a defendant is sentenced and it is only after sentencing that any appeals may be filed . . .

- 3 -

the same standard/rule should apply" in determining when the one-year clock begins to run for a timeliness exception. *Id.* at 11.

In reviewing an order denying a PCRA petition, our standard of review is well settled:

> [O]ur standard of review from the denial of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.

*Commonwealth v. Sandusky*, 203 A.3d 1033, 1043 (Pa. Super. 2019) (citations omitted and formatting altered).

The timeliness of a PCRA petition is a threshold jurisdictional question. *See Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014); *see also Commonwealth v. Ballance*, 203 A.3d 1027, 1031 (Pa. Super. 2019) (stating that "no court has jurisdiction to hear an untimely PCRA petition"). "A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S. § 9545(b)(1)." *Commonwealth v. Jones*, 54 A.3d 14, 16 (Pa. 2012) (citation and footnote omitted). A judgment of sentence becomes final at the conclusion of direct review, or at the expiration of time for seeking such review. *See id.* at 17.

Courts may consider a PCRA petition filed more than one year after a judgment of sentence becomes final if the petitioner pleads and proves one of the following three statutory exceptions:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). A petitioner asserting one of these exceptions must file a petition within one year of the date the claim could have first been presented. **See** 42 Pa.C.S. § 9545(b)(2).[4] It is the petitioner's "burden to allege and prove that one of the timeliness exceptions applies." **Commonwealth v. Albrecht**, 994 A.2d 1091, 1094 (Pa. 2010) (citations omitted and some formatting altered).

To establish the newly-discovered fact exception to the PCRA time bar, a petitioner must demonstrate that he did not know the facts upon which he

_____

[4] On October 24, 2018, the General Assembly amended Section 9545(b)(2) and extended the time for filing a petition from sixty days to one year from the date the claim could have been presented. **See** 2018 Pa.Legis.Serv.Act 2018-146 (S.B. 915), effective December 24, 2018. The amendment applies only to claims arising one year before the effective date of this section, December 24, 2017, or thereafter.

based his petition and could not have learned those facts earlier by the exercise of due diligence. ***Commonwealth v. Brown***, 111 A.3d 171, 176 (Pa. Super. 2015) (citations omitted). Due diligence requires that the petitioner take reasonable steps to protect his own interests. ***Id.***

Here, there is no dispute that Appellant's petition was facially untimely, as it was filed more than one year after his sentence became final in 2017. ***See*** 42 Pa.C.S. § 9545(b)(1). Therefore, Appellant was required to prove one of the exceptions to the PCRA time bar. ***See id.***

In concluding that Appellant failed to establish a timeliness exception, the PCRA court explained:

> [C]ounsel did not aver in [the PCRA] petition when Appellant learned of the former detective's conviction (or sentencing) or any facts to support a finding that Appellant could not have ascertained the new fact earlier with due diligence, and counsel specifically declined to put on evidence to establish same. Counsel instead relied on legal argument alone and asked us to find that the former detective's sentencing date was the date the new fact became ascertainable, or when the claim could have first been presented, rather than the former detective's conviction date, which would have given Appellant one year from the date of the detective's sentencing to file the PCRA claim. Such distinction was critical to the timeliness of Appellant's petition, as the petition was filed within a year of the former detective's sentencing date but over a year after conviction.
>
> Upon review of pertinent case law, we used the date of the former detective's conviction for purposes of determining when the fact of the former detective's conduct became ascertainable or could have first been presented. ***See Commonwealth v. Sanchez***, 204 A.3d 524, 526-27 (Pa. Super. 2019) (finding the petitioner could not meet the newly discovered fact exception based on misconduct of a detective he read about in a news article, where he did "not explain how the facts regarding (the detective's] civil judgments could not have been ascertained sooner by the

exercise of due diligence," and where the petition was filed almost a year after the detective was found liable); ***Commonwealth v. Fleetwood***, 242 A.3d 394, at *3 (Pa. Super. 2020) (unpublished [mem.]) (cited for persuasive value) (using the date of the detective's guilty plea as the triggering date to begin the 60-day window (for claims arising pre-December 24, 2017) to file a petition under the newly discovered facts exception); ***Commonwealth v. Foreman***, 55 A.3d 532, 537-38 (Pa. Super. 2012) (ruling, in the merits portion of a claim for after-discovered evidence, that where the detective was found not guilty at his trial, the allegations of "new evidence" of misconduct were pure conjecture without a conviction).

Appellant argued at the hearing that a judgment is not final until sentencing or perhaps until the close of the appeal period or after any appeals, and therefore the former detective's sentencing date is the appropriate day to beginning running the one-year window to file a PCRA petition under the newly discovered facts exception. Tolling the period until sentencing for when a PCRA petitioner can invoke a timeliness exception based on the newly discovered fact of a detective's misconduct would be a problematic rule for several reasons. First, as PCRA counsel suggested, the former detective's judgment of sentence was not final at sentencing, but rather at the close of the appeal period (assuming no appeals were filed, a fact of which we are unaware), which would make the triggering date to file a PCRA petition somewhat arbitrary. Secondly, if the period to file a PCRA petition was tolled until the former detective's judgment of sentence became final, it could be years before the PCRA petition had to be filed if the detective uses every appellate avenue available to him. Finally, practically speaking, we cannot conceive of a reason to determine that the former detective's misconduct remained conjecture until sentencing, or that it was in some way not ascertainable as newly discovered evidence until sentencing. Here, the former detective was convicted by a jury, and same was conclusive such that Appellant should have known it was time to file for the requested relief.

Given that the former detective was convicted July 16, 2021 for misconduct serving as the basis of Appellant's attempt to invoke a timeliness exception, and Appellant did not file his PCRA petition until over a year later, on September 9, 2022, and without any facts or evidence alleged, proffered, or produced as to when Appellant learned of the misconduct or why he could not have learned of same sooner with due diligence, or that he filed the petition within a year of when he learned of the new fact, we

declined to find, as a matter of law, that the period to file a PCRA petition based on the misconduct began only on the date of the former detective's sentencing, rather than conviction. It was Appellant's burden to meet this exception. We discern no error.

PCRA Ct. Op. at 4-6 (footnotes omitted).

Following our review, we conclude that the PCRA court's findings are supported by the record and free of legal error. ***See Sandusky***, 203 A.3d at 1043. As noted by the PCRA court, Appellant did not establish when he learned of the former detective's misconduct, nor did he explain why that information could not have been obtained earlier with the exercise of due diligence. ***See Brown***, 111 A.3d at 176. Therefore, Appellant has failed to establish the newly discovered fact exception to the PCRA time bar. ***See id.*** Accordingly, we affirm.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/6/2024

- 8 -