J-S41011-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                    :        PENNSYLVANIA
                                    :
        v.                           :
                                    :
ANGEL FELICIANO               :
                                    :
           Appellant           :    No. 3061 EDA 2023

Appeal from the PCRA Order Entered November 2, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0009715-2012

BEFORE: MURRAY, J., KING, J., and SULLIVAN, J.

MEMORANDUM BY MURRAY, J.:              **FILED DECEMBER 9, 2024**

      Angel Feliciano (Appellant) appeals from the order dismissing as untimely his second petition for relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

      A previous panel of this Court summarized the factual and procedural background:

> In mid-January[] 2010, [Appellant] was involved in a dispute over drug territory with the decedent, Kenneth Rolon. On January 22, 2010, [Appellant] was a passenger in a car being driven by his co-defendant, Willey Ortiz, when [Appellant] saw Rolon standing on a street corner. Ortiz pulled over to the corner and waved Rolon over to the car. When Rolon approached the car, [Appellant] fired a .25 caliber pistol [at] Rolon's chest, killing him....
>
> [Trial Court Opinion, 6/29/16, at 2-3 (citing N.T., 2/3/14, at 34-37)].

[Appellant pled] guilty to third-degree murder, conspiracy to commit murder, and possessing an instrument of a crime.[1] He was sentenced to an aggregate term of 25-50 years' incarceration. [Appellant] filed a post-sentence motion seeking to withdraw his guilty plea, which the [trial] court denied. He appealed, and we affirmed the judgment of sentence on May 22, 2017. [*See Commonwealth v. Feliciano*, 1781 EDA 2016 (Pa. Super. 2017) (unpublished memorandum). Appellant did not seek allowance of appeal in the Pennsylvania Supreme Court.]

Nearly three years later, on May 19, 2020, [Appellant] filed a *pro se* PCRA petition. Counsel was appointed, who subsequently filed a [request to withdraw and *Turner*/*Finley*[2]] letter. The [PCRA] court dismissed [Appellant's] petition [as untimely filed] and granted counsel's request to withdraw. [Appellant] timely appeal[ed].

*Commonwealth v. Feliciano*, 276 A.3d 206 (Pa. Super. 2022) (unpublished

memorandum at 1-2) (footnotes in original omitted; two footnotes added).

Pertinently, Appellant's first PCRA petition included

claims that certain Philadelphia police officials who were involved in the investigation of his case, namely Detective James Pitts [(Detective Pitts)], Detective [Philip] Nordo [(Detective Nordo)], Detective Omar Jenkins, Officer Seigafuse, and Assistant District Attorney Andrew Notaristefano, were found to be responsible for misconduct in other unrelated cases. [Appellant] argue[d] that his counsel failed to investigate these officials to determine whether any witnesses were threatened, coerced, or intimidated by them into falsely implicating [Appellant] in this matter.

*Id.* (unpublished memorandum at 7).

Appellant asserted his claims were timely under the newly-discovered

fact exception to the PCRA's one-year time-bar. *Id.*; *see also* 42 Pa.C.S.A.

---

[1] 18 Pa.C.S.A. §§ 2502(c), 903, 907.

[2] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

§ 9545(b)(1)(ii) (a PCRA petition must be filed within one year of the date the judgment of sentence becomes final, unless the petitioner pleads and proves, *inter alia*, that "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence"); **see also id.** § 9545(b)(2) (requiring any petition invoking an exception to be filed within one year of the date the claim could have been presented).[3]   We affirmed the PCRA court's determination that Appellant "failed to prove the applicability of" the exception:

> Although [Appellant] states that he learned about the police officials' misconduct from an inmate, he fails to allege when he learned about the information, nor why he could not, with the exercise of due diligence, have obtained it earlier.   **See** 42 Pa.C.S.A. § 9545(b)(1)(ii).   Accordingly, since [Appellant] failed to prove an exception to the PCRA's time limitations, the PCRA court properly dismissed his petition.

*Feliciano*, 276 A.3d 206 (unpublished memorandum at 7-8).

On April 18, 2023, Appellant filed the instant, *pro se* PCRA petition, his second.  Appellant alleged, *inter alia*, that

> he is innocent of the charges against him, and … [his guilty] plea was obtained by duress, physical and sexual abuse[,] and threats to his family.  For [four] days[, Appellant] was brutalized and questioned by [Detective] Nordo[,] who sexually assaulted [Appellant.]   Detective Pitts physically beat [Appellant] and deprived him of food and water.

---

[3] Appellant's "judgment of sentence became final on June 21, 2017. Therefore, [Appellant] had until June 21, 2018, to file a PCRA petition." *Feliciano*, 276 A.3d 206 (unpublished memorandum at 4).

PCRA Petition, 4/18/23, at 6a (some capitalization modified). Appellant also alleged Detectives Nordo and Pitts had threatened his girlfriend and her child. *Id.*

Appellant further alleged that Jose Aponte (Aponte), a witness who gave police a statement implicating Appellant in the murder, "lie[d]" about Appellant's involvement because Detectives Nordo and Pitts "beat" Aponte and threatened to charge Aponte with the murder. *Id.* Appellant alleged Aponte "informed the court[] at [Appellant's] preliminary hearing that [Detectives Nordo and Pitts] had threatened to charge him with the [murder]." *Id.*

Appellant asserted his claims were timely under the newly-discovered fact exception. *Id.* at 3. He alleged the following facts were previously unknown to him and could not have been ascertained by the exercise of due diligence: "[Detective] Nordo would be tried and convicted for his criminal conduct[,] and … [Detective] Pitts would be [terminated from the police department] for making false testimony and falsifying evidence." *Id.* Appellant alleged he learned from

> the newspaper and grand jury [report that Detective Nordo had used] the same conduct [with] victims in early 2005 [that he used with Appellant,] who would not submit to [Detective Nordo's] advances and was finally set up for a murder.

*Id.* at 4. Appellant asserted

> any case that [Detectives Nordo and Pitts] were involved in from 2010 until they were terminated [from the police department] should be looked at. These [detectives] used threat[s] and sexual ass[au]lt to obtain convictions and b[o]lster the[ir] careers, [and] this is a violation of due process.

- 4 -

*Id.* at 6a.

On September 15, 2023, the PCRA court issued Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without a hearing. The PCRA court determined the petition was untimely and that Appellant failed to establish the newly-discovered fact exception. Appellant filed two responses to the Rule 907 Notice. On November 2, 2023, the PCRA court entered a final order dismissing the petition.

On November 29, 2023, Appellant filed a timely *pro se* notice of appeal. On December 14, 2023, Edward Foster, Esquire, entered his appearance on Appellant's behalf. Appellant thereafter filed a timely, counseled Pa.R.A.P. 1925(b) statement. The PCRA court filed an opinion under Pa.R.A.P. 1925(a).

Appellant filed a counseled brief in this Court, identifying a single issue for our review: "Whether the [PCRA] court erred in dismissing the PCRA petition without a hearing given the conviction of … Detective [] Nordo?" Appellant's Brief at 6.

Appellant argues "a hearing in this matter … was appropriate given the criminal conviction of [Detective] Nordo on June 1, 2022." *Id.* at 8; *see also id.* at 10 (asserting Detective Pitts is facing criminal "charges including perjury" and "is well documented for having used violence and other forms of coercion in order to create false evidence against defendants in multiple cases."). Appellant asserts that "several" other individuals have obtained post-conviction relief in cases involving Detective Nordo, "where an analysis

of the Philadelphia Homicide file has revealed information that no one previously had access to…." *Id.* at 9. Appellant maintains that because he is incarcerated in a State Correctional Institution almost two hundred miles away from Philadelphia, he did not have access to information regarding his case, and was not "fully aware of the prosecution of [Detective Nordo] and other detectives, [including Detective Pitts,] and all the details involved." *Id.* Appellant argues the

> only avenue [for relief] available to an inmate such as [] Appellant is through either the retention of an attorney or the appointment of one who will actually follow through with the kind of investigation that is required in cases involving alleged [police] misconduct, as in the instant matter.

*Id.*

Appellant's argument contains no citations to authorities or the record below. *See id.* at 8-10.[4] "Each distinct issue in the argument section of a brief must, at a minimum, contain 'citations of authorities as are deemed pertinent.'" *Commonwealth v. Pi Delta Psi, Inc.*, 211 A.3d 875, 883 (Pa. Super. 2019) (quoting Pa.R.A.P. 2119(a)). When an appellant "cites no pertinent authority to substantiate [his] claim … appellant's issue is waived." *Id.* (citation and quotation marks omitted). Accordingly, Appellant's sole issue is waived. Even if not waived, the issue would not merit relief.

---

[4] Both Appellant's brief and his PCRA petition make generalized assertions regarding the alleged misconduct of Detectives Nordo and Pitts in unrelated cases, but fail to cite any cases, public records, news articles, or other sources detailing the misconduct.

We review the dismissal of a PCRA petition to determine "whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." ***Commonwealth v. Busanet***, 54 A.3d 35, 45 (Pa. 2012). "Our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the party who prevailed in the PCRA court proceeding." ***Id.*** Additionally, we observe that "a PCRA petitioner is not automatically entitled to an evidentiary hearing. We review the PCRA court's decision dismissing a petition without a hearing for an abuse of discretion." ***Commonwealth v. Miller***, 102 A.3d 988, 992 (Pa. Super. 2014).

Instantly, Appellant attempts to invoke the newly-discovered fact exception, which

> requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned of those facts earlier by the exercise of due diligence. Due diligence demands that the petitioner take reasonable steps to protect his own interests; a petitioner must explain why he could not have learned the new facts earlier with the exercise of due diligence.

***Commonwealth v. Sanchez***, 204 A.3d 524, 526 (Pa. Super. 2019). Moreover, "the focus of this exception is on the newly discovered facts, **not on a newly discovered or newly willing source for previously known facts**." ***Commonwealth v. Lopez***, 249 A.3d 993, 999 (Pa. 2021) (quotation marks and citation omitted; emphasis in original).

In its opinion, the PCRA court determined Appellant's petition failed to establish the newly-discovered fact exception:

- 7 -

[Appellant] argues the recent conviction of [Detective] Nordo is a newly-discovered fact that satisfies the PCRA's time-bar exception. Specifically, [Appellant] states that he did not find out about [Detective] Nordo's conviction until June 1, 2022…. [Response to Rule 907 Notice, 9/26/23,] ¶ 2. In his … [p]etition, [Appellant] claims that [Detective] Nordo "beat confessions out of" witness [] Aponte, threatened to charge Aponte with homicide, and "broke" Aponte, which caused him to falsely implicate defendant. [PCRA Petition, 4/18/23, at 6a]. [Appellant] also claims that he was questioned for four days by [Detective] Nordo and former Detective Pitts, that [Detective] Nordo physically and sexually abused him, and that [Detective] Pitts beat him and deprived him of food and water. *Id.* … [Appellant] also claims that [Detective] Nordo threatened harm to his family if he did not plead guilty. *Id.*

[Appellant's] argument that [Detective] Nordo's recent conviction makes his [p]etition timely is unavailing. [Detective] Nordo's conviction stemmed from conduct unrelated to [Appellant's] case. [Appellant] previously raised [Detective] Nordo's misconduct in [unrelated] cases during the litigation of his first [PCRA] petition in 2020 [(first petition)]. … The Superior Court determined that [Appellant's] first petition, including his allegations regarding [Detective] Nordo's misconduct in other cases, was untimely. [*Feliciano*, 276 A.3d 206 (unpublished memorandum at 7-8).] Accordingly, [Detective] Nordo's misconduct in unrelated cases is not a newly-discovered fact within the meaning of the exception to the PCRA's time-bar.

Furthermore, had [Detective] Nordo engaged in misconduct in [Appellant's] case, [Appellant] could have, and should have, raised his allegations during the litigation of his first petition. However, until now, [Appellant] has never made any specific allegations that [Detective] Nordo engaged in misconduct in his case. [Appellant] now claims that [Detective] Nordo beat and threatened eyewitness Aponte who, as a result, fabricated his statement to police. **However, Aponte testified at [Appellant's] preliminary hearing, on August 15, 2012, that he was beaten and threatened by police.** N.T., 8/15/12, at 5-11. [Appellant] also claims that [Detective] Nordo abused [Appellant] during his interrogation. However, [Appellant's] interrogation occurred on February 10, 2010, over thirteen years before he filed [the instant] petition. Finally, [Appellant] claims that [Detective] Nordo coerced him to plead guilty by threatening

his family, which [Appellant] must have known prior to his plea. Thus, [Appellant] now makes claims based on facts that he has known about, or should have known about, for a decade.

PCRA Court Opinion, 2/20/24, at 6-7 (footnotes and some citations omitted; some capitalization modified; emphasis added).[5]  The PCRA court concluded Appellant's claims failed to satisfy the newly-discovered fact exception and were therefore untimely.

We agree with the PCRA court's analysis, and discern no error or abuse of discretion in its decision to dismiss Appellant's petition without a hearing. We observe that Appellant's brief does not clearly argue that his petition was timely or satisfied any timeliness exception.  Appellant fails to acknowledge or address the fact that his first petition asserted substantially similar claims and had been dismissed as untimely.  His brief makes assertions regarding the alleged misconduct of Detectives Nordo and Pitts in unrelated cases, but fails to discuss the instant petition's allegations that those detectives engaged in misconduct **in this case**.  Appellant failed to plead and prove the alleged misconduct in this case was previously unknown to him.  Accordingly, his

_____

[5] The PCRA court observed that Appellant's court-ordered Pa.R.A.P. 1925(b) statement identified one issue relating solely to Detective Nordo's misconduct, and did not mention Detective Pitts.  PCRA Court Opinion, 2/20/24, at 6 n.4 (citing Pa.R.A.P. 1925(b) Statement, 2/9/24, ¶ 1).  To the extent Appellant's brief makes claims regarding Detective Pitts, those claims are waived because they were not preserved in his Pa.R.A.P. 1925(b) statement.  **See Commonwealth v. Bonnett**, 239 A.3d 1096, 1106 (Pa. Super. 2020) ("It is well-established that any issue not raised in a Rule 1925(b) statement will be deemed waived for appellate review."); **see also** Pa.R.A.P. 1925(b)(4)(vii) (stating issues not included in the concise statement are waived).

petition failed to establish the newly-discovered fact exception, and was properly dismissed as untimely.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/9/2024