J-S41020-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA　:　IN THE SUPERIOR COURT OF
　　　　　　　　　　　　　　　　　　　　　:　　　　　　PENNSYLVANIA
　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　v.　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　:
RICHARD MITCHELL　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　Appellant　　　　　　　　:　No. 390 EDA 2024

Appeal from the PCRA Order Entered January 4, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-1003831-1998

BEFORE:  MURRAY, J., KING, J., and SULLIVAN, J.

MEMORANDUM BY KING, J.:　　　　　　　　　**FILED DECEMBER 17, 2024**

Appellant, Richard Mitchell, appeals from the order entered in the Philadelphia County Court of Common Pleas, which denied his untimely serial petition filed under the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The relevant facts and procedural history of this case are as follows.  On November 27, 2000, a jury convicted Appellant of conspiracy to commit murder.  On February 21, 2001, the trial court sentenced Appellant to 8 to 40 years' imprisonment.  On November 15, 2001, this Court affirmed his judgment of sentence, and our Supreme Court denied allowance of appeal on May 28, 2002.  ***See Commonwealth v. Mitchell***, 792 A.2d 616 (Pa.Super. 2001) (unpublished memorandum), *appeal denied*, 569 Pa. 680, 800 A.2d 932 (2002).

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

Between 2002 and the present, Appellant has unsuccessfully litigated several PCRA petitions. On November 15, 2022, Appellant filed the instant untimely *pro se* PCRA petition. In it, Appellant attempted to invoke the newly-discovered facts and governmental interference exceptions to the PCRA's time-bar, arguing that he had never received a full transcript of his sentencing hearing, which prevented meaningful appellate review. Appellant attached to his petition a letter dated September 22, 2022, from the Philadelphia County Court of Common Pleas' Office of Judicial Records, stating that it did not possess notes of testimony from dates prior to 2003 located at that office; a letter dated October 11, 2022, from the Pennsylvania Commission on Sentencing's Deputy Director, stating that the Commission did not possess Appellant's sentencing guideline form; and a letter dated October 12, 2022, from the Office of Judicial Records stating that it did not possess Appellant's sentencing transcripts.

On December 4, 2023, the PCRA court issued notice pursuant to Pa.R.Crim.P. 907 that the petition would be dismissed without a hearing. On January 4, 2024, the PCRA court dismissed the PCRA petition as untimely. On January 12, 2024, Appellant timely filed a *pro se* notice of appeal. The PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal, and Appellant did not file one.

On appeal, Appellant raises the following issues for review:

> Did the [PCRA] court err, abuse its discretion, and/or make a mistake of law when it denied Appellant's [PCRA] petition for relief based on newly discovered facts and governmental

- 2 -

interference … without an evidentiary hearing when [Appellant] attached the proof of when he became aware of the newly discovered evidence?

Did the [PCRA] court err, abuse its discretion, and/or make a mistake of law when it denied Appellant's [PCRA] petition for relief based on newly discovered facts and governmental interference … without an evidentiary hearing when Appellant was denied his right to engage in meaningful appellate review with the missing sentencing transcripts which was no fault [of] Appellant?

Did the [PCRA] court err, abuse its discretion, and/or make a mistake of law when it denied Appellant's [PCRA] petition for relief based on newly discovered facts and governmental interference … without an evidentiary hearing where there was an extraordinary breakdown in the judicial process?

Did the [PCRA] court err, abuse its discretion, and/or make a mistake of law when it denied Appellant's [PCRA] petition for relief based on newly discovered facts and governmental interference … without an evidentiary hearing when Appellant could have showed a violation of his *ex post facto* rights?

(Appellant's Brief at 5).

Preliminarily, the timeliness of a PCRA petition is a jurisdictional requisite. **Commonwealth v. Hackett**, 598 Pa. 350, 956 A.2d 978 (2008), *cert. denied*, 556 U.S. 1285, 129 S.Ct. 2772, 174 L.Ed.2d 277 (2009). Pennsylvania law makes clear that no court has jurisdiction to hear an untimely PCRA petition. **Commonwealth v. Robinson**, 575 Pa. 500, 837 A.2d 1157 (2003). The PCRA requires a petition, including a second or subsequent petition, to be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the

Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

To obtain merits review of a PCRA petition filed more than one year after the judgment of sentence became final, the petitioner must allege and prove:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Additionally, a PCRA petitioner must file his petition within one year of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).

This Court has explained:

> [The newly-discovered facts exception] requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned of those facts earlier by the exercise of due diligence. Due diligence demands that the petitioner take reasonable steps to protect his own interests; a petitioner must explain why he could not have learned the new facts earlier with the exercise of due diligence.

***Commonwealth v. Sanchez***, 204 A.3d 524, 526 (Pa.Super. 2019).

To prove governmental interference, a petitioner must show that the alleged interference violated the United States or Pennsylvania Constitution or laws. *Commonwealth v. Albrecht*, 606 Pa. 64, 70, 994 A.2d 1091, 1095 (2010). The failure to do so results in an insufficiently developed claim, which results in waiver. *See id.*

Instantly, Appellant's judgment of sentence became final on or about August 26, 2002, upon expiration of the time to file a petition for writ of *certiorari* in the United States Supreme Court. *See* 42 Pa.C.S.A. § 9545(b)(3); U.S.Sup.Ct.R. 13. Therefore, Appellant had one year from that date to timely file a PCRA petition. *See* 42 Pa.C.S.A. § 9545(b)(1). Appellant filed the instant petition on November 15, 2022, which is patently untimely.

Appellant now attempts to invoke the governmental interference and newly-discovered facts exceptions to the PCRA time-bar in an interrelated claim. Specifically, Appellant contends that the notes of testimony from his sentencing hearing are not in the certified record, which Appellant claims is the result of governmental interference. Additionally, Appellant asserts that he was unable to discover that his sentencing transcript was missing from the certified record sooner due to his mental illness, which Appellant also alleges prevented him from communicating effectively with prior counsel.[2]

---

[2] Appellant claims that he has been treated at seven mental health institutions; that he has experienced auditory hallucinations; and that he has struggled with suicidal ideation. The record reflects that Appellant was initially found incompetent to stand trial and committed to Norristown State Hospital
*(Footnote Continued Next Page)*

- 5 -

Essentially, Appellant's argument is that, due to the missing sentencing transcript, he has been unable to obtain meaningful appellate review throughout the years of litigation of his case. We disagree.

"In general, it is an appellant's burden to ensure that the certified record contains the documents reflecting the facts needed for review." *Commonwealth v. Wrecks*, 931 A.2d 717, 722 (Pa.Super. 2007). The Rules of Appellate Procedure require an appellant to order and pay for any necessary transcripts, and if he does not follow the requirements of Pa.R.A.P. 1911 when requesting those transcripts, he risks waiver of any claim regarding them. *Commonwealth v. Preston*, 904 A.2d 1, 7-8 (Pa.Super. 2006) (*en banc*). This Court has observed:

> In the absence of specific indicators that a relevant document exists but was inadvertently omitted from the certified record, it is not incumbent upon this Court to expend time, effort and manpower scouting around judicial chambers or the various prothonotaries' offices of the courts of common pleas for the purpose of unearthing transcripts, [or other filings,] that well may have been presented to the trial court but never were formally introduced and made part of the certified record.

*Id.* at 7.

Further:

> Our Supreme Court has instructed that when an appellant "faults the trial court," and "suggests that there is some obligation to 'provide' a 'complete' record in the abstract,

_____

for treatment. (*See* Mental Health Evaluation, 2/11/99; Mental Health Commitment Order, 2/19/99; Petition for Commitment for Involuntary Treatment, 2/22/99).

that obviously is not the case. Rather, the appellant has a duty to frame what is needed." ***Commonwealth v. Lesko***, 609 Pa. 128, 15 A.3d 345, 410 (2011) (holding that it was the appellant's duty to ensure the specific notes regarding jury selection were included in the certified record for appeal). ***See In re Estate of Renninger***, No. 588 WDA 2023, 2024 WL 1326687 (Pa.Super. filed 3/28/24) (unpublished memorandum) (relying on ***Lesko*** to find waiver where specific notes of testimony were not included in the certified record). Our Supreme Court has explained:

> The plain terms of the Rules contemplate that the parties, who are in the best position to know what they actually need for appeal, are responsible to take affirmative actions to secure transcripts and other parts of the record. ***See, e.g., Commonwealth v. Steward***, 775 A.2d 819, 833 (Pa.Super. 2001) (noting that it was not the responsibility of the trial court to order the notes of transcript of defense counsel's closing as Rule 1911 "makes it abundantly plain that it is the responsibility of the [a]ppellant to order all transcripts necessary to the disposition of his appeal."). [An appellant] cannot fault the trial court for his own failures. Instead, it is only when an appellant can show that a request was made and erroneously denied ... that such a claim would have merit.

> \* \* \*

> Moreover, even when notes of testimony are properly ordered, the absence of notes does not generate some instantaneous, meritorious claim for relief. Instead, if the initially missing notes matter, it becomes a circumstance the appellant or his counsel needs to respond to by, for example, ordering notes counsel failed to order earlier; or seeking an order of court to have ordered notes promptly transcribed, or otherwise made available; or, where notes cannot be secured, to take steps to have an equivalent picture of the proceeding generated. ***See*** Pa.R.A.P. 1911(a); Pa.R.A.P. 1923 (statement in the absence of transcript); Pa.R.A.P. 1924 (agreed upon statement of the record).

- 7 -

***Lesko***, ***supra***, 15 A.3d at 410-11 (some citations omitted).

***Commonwealth v. Sloan***, No. 571 WDA 2023, unpublished memorandum at 12-14 (Pa.Super. filed May 29, 2024) (footnotes omitted).[3]

Instantly, the PCRA court explained:

> [Appellant] attempts to establish the newly-discovered fact exception, 42 Pa.C.S.A. § 9545(b)(1)(ii), and or the governmental interference exception to the PCRA's timeliness requirement, 42 Pa.C.S.A. § 9545(b)(1)(i), based on the alleged fact that the transcripts from his trial and sentencing hearing are missing from the record. [Appellant] appears to imply that these transcripts have exculpatory value but does not specify why he believes this to be the case. The evidence offered in support of the alleged fact at issue is correspondence between [Appellant] and court officials wherein [Appellant] is informed that the office he contacted does not have the requested records.

> Instantly, this [c]ourt finds that [Appellant] has failed to establish the newly discovered fact exception because he has failed to assert a new fact that would underly a claim for PCRA relief. A [p]etitioner must advance a specific claim challenging their sentence or conviction in order to establish a PCRA time bar exception. The alleged fact that [Appellant's] transcripts are missing from the record, even if true, would not entitle [Appellant] to relief under the PCRA because these are transcripts of proceedings that [Appellant] was present for which, even if missing, merely constitute a new source for previously known information. Thus, this [c]ourt finds that [Appellant] has failed to establish the newly discovered fact exception to the PCRA's timeliness requirement.

> [Appellant] has also failed to establish the governmental interference exception because he has failed to assert what claim, if any, the alleged interference prevented him from

---

[3] Non-precedential decisions of this Court filed after May 1, 2019, may be cited for their persuasive value. ***See*** Pa.R.A.P. 126(b).

raising. [Appellant] merely asserts that the transcripts are missing, he does not specify a claim for relief that he is being prevented from raising as a result of his purported inability to access these transcripts. Thus, this claim is not sufficient to establish [the] governmental interference exception.

(PCRA Court Opinion, 1/4/24, at 1-3) (internal citations omitted).

The record supports the PCRA court's conclusions. An examination of the record indicates that, in Appellant's initial, counseled notice of appeal from his judgment of sentence, trial counsel filed an Order for Transcript, requesting notes of testimony from Appellant's trial, on November 20, 2000, through November 27, 2000, and from his sentencing on February 21, 2001. (**See** Notice of Appeal, 3/14/01, Order for Transcript). However, the transcripts appear nowhere within the certified record on appeal.

Nevertheless, the absence of notes of testimony does **not** equate to an instantaneous, meritorious claim of relief. **See Lesko**, **supra**. As the PCRA court correctly noted, Appellant has not articulated a claim that the absence of the transcripts prevented him from asserting. Nor has Appellant explained how the absence of the transcripts is the result of a government official's violation of Pennsylvania law or the Pennsylvania state or United States Constitution. **See Albrecht, supra**; **Lesko, supra**. Therefore, Appellant has failed to invoke the governmental interference exception. **See Albrecht, supra**.

Further, Appellant's alleged "newly-discovered fact" is not anything that he claims was contained within the transcripts themselves. Rather, Appellant points to letters from various court and Sentencing Commission officials

confirming the fact that the transcripts were not stored in their offices. Although Appellant claims that his mental illness prevented him from effective communication with prior counsel, he has been litigating serial PCRA petitions since 2002, often *pro se*, and had access to the record while doing so. Appellant should have been aware that the transcripts were not available and, therefore, his assertion that he could not have discovered that the transcripts were missing sooner lacks merit. ***See Sanchez, supra***. Thus, the PCRA court properly dismissed the petition as untimely. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/17/2024